**CREEL et al. v. LONE STAR DEFENSE CORPORATION.**

No. 12182.

United States Court of Appeals
Fifth Circuit.

Jan. 18, 1949.

Rehearing Denied Feb. 7, 1949.

C. M. Kennedy, of Texarkana, Tex., Wayne W. Owen, of Little Rock, Ark., and Pat Coon, of Dallas, Tex., for appellants.

Fred K. Newberry, C. B. Wheeler and Otto Atchley, all of Texarkana, Tex., for appellee.

Before HOLMES, WALLER, and LEE, Circuit Judges.

HOLMES, Circuit Judge.

This suit was brought by appellants against appellee to recover overtime compensation, liquidated damages, and reasonable attorney's fees, under the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq. In the court below, after issue was joined on the pleadings, the defendant filed a motion for summary judgment, with supporting affidavits; and a hearing was duly had on the pleadings, affidavits, and oral statements of counsel, to determine what material facts existed without material controversy and those in good faith controverted. The question on this appeal is

whether the uncontradicted facts before the court were sufficient to warrant the inference of fact that appellee was not an independent contractor engaged in commerce.

In the light of the Supreme Court's decisions on the subject,[1] we deem it necessary to write scarcely more than a statement of the uncontradicted facts before the court at the hearing of the appellee's motion for a summary judgment. This motion was submitted upon affidavits filed by the appellee. Each affiant had personal knowledge of the facts sworn to by him, and was able to give competent testimony of the truth thereof. No opposing affidavits were filed by appellants, and no testimony offered in contradiction of the facts set forth in appellee's affidavits. The court interrogated counsel at some length as to what were the genuine issues presented for decision. There were many other pleadings, such as motions to amend, motions to dismiss, motions for bills of particulars and for production of documents, and also a response to the motion for summary judgment; all of which show the value of the pretrial-hearing and the summary-judgment procedure; but when the sifting process was completed, it was found that there was absolutely no real controversy between the parties as to any specific fact. The uncontradicted facts were as follows:

During World War II, the appellee's plant was an ordnance facility owned and operated by the United States for the production of munitions to be used in the prosecution of the war. The appellee was retained, and paid a fixed fee, to manage the operation of the plant. The Government paid all expenses of operation, including the cost of all labor and material. The premises upon which the appellants were employed, the tools furnished them by appellee, and the property with which they dealt in such employment, were in their entirety the property of the United States. The title to all parts, explosives, and materials, except an inconsequential amount, was vested in the Government at the point of shipment, subject to army inspection upon arrival at the plant.

The appellee did not ship any finished ammunition from the plant; all such shipments were made by the Ordnance Department on government bills of lading. The appellee at no time had title to the finished products of the plant, or of the component parts of such products, the title thereto at all times being in the United States. The latter furnished and shipped to the appellee ninety to ninety-five per cent of all material and equipment used in operating the plant; the remainder was purchased for the United States by the appellee. A Commanding Officer, appointed by the Chief of Ordnance, was on duty at all times relevant hereto.

The contract in this case provided that the appellee was operating the plant as a Government agency; that changes might be made in the contract by the Government but such changes should not excuse the appellee from proceeding with the prosecution of the work as changed; that the Government should prescribe procedures to be followed by the contractor in accounting, checking, and auditing functions, and that if in the opinion of the Contracting Officer the number of employees engaged in checking, auditing, and accounting work, was excessive, the appellee should make such reductions in force as the Contracting Officer deemed necessary; that the contractor should at all times use its best efforts in all acts thereunder to protect and subserve the interest of the Government. The appellee paid wages and salaries of employees by checking against a bank account, the funds of which were furnished by the Government and were subject to withdrawal by the Government.

By a change in the contract, the Government was given the right to pay directly to the persons concerned all sums due from the contractor for labor, material, or other charges; by order dated October 12, 1943, the appellee was ordered to rework and renovate certain ammunition, which provision was reaffirmed and incorporated in a supplement to the contract; by order dated April 3, 1944, the terms of which were included in a supplement to the contract, it was provided that appellee should, as di-

[1] Kennedy v. Silas Mason Co., 334 U.S. 249, 68 S.Ct. 1031; Murphey v. Reed, 335 U.S. 865, 69 S.Ct. 105.

rected from time to time by the Contracting Officer, receive, inspect, assort, screen, segregate, load, renovate, recondition, and rehabilitate, any ammunition (including components and containers), even though it was not specifically mentioned in the contract, regardless of its origin, in such quantities as might be directed by the Contracting Officer.

When we compare the record that was before this court in Kennedy v. Silas Mason Co., 5 Cir., 164 F.2d 1016, with the record in the case at bar, we find many material facts that were not in the former record, which show that this appellee was not an independent contractor but an agency of the Government. Among these additional facts are the following:

The Government paid the freight on materials shipped to the plant. A Government officer was maintained at the plant who was accountable for all property used in connection with appellee's contract. The Government contracted for electric power, gas, telephone, telegraph, and teletype service at the plant, and paid such bills directly; the appellee acted as Government agent for the purpose of causing official-business messages to be transmitted; the Government approved all wage and salary rates, and required that no key employees or their principal assistants be hired until there had been submitted and approved by the Contracting Officer a statement of the previous salary, proposed salary, qualifications, and experience, of the persons selected for such assignments; and all munitions processed at the plant were processed under direct Government supervision and control; the Government specified the loading process to be used, directed the type and quantity of munitions, the specifications thereof, and the rate of production; inspections were made by the Government during the various steps of their processing; detailed rules and regulations covering methods of production were promulgated by the Government; and appellee was required to comply with such rules and regulations; federal officers and employees were in attendance to report as to compliance. Appellee had no discretion as to the type of ammunition, the quantity thereof, or the method of process used in its manufacture, and produced no munitions except as required by the Government. On different occasions, the Government transferred production schedules from other ordnance plants to appellee for completion, and in such cases, if the original plant had made contracts for materials and supplies on account of such schedules, the appellee was required to take over such supply contracts and pay the vendors thereof from funds supplied to appellee by the Government. Appellee was not penalized if the materials processed at the plant did not meet specifications and could not be used. No sales tax was paid by appellee on materials purchased for use at the plant, nor were ad valorem taxes on real or personal property paid to the state or county, and no license or registration fees were paid on motor vehicles used in connection with the operation of the plant.

From the above uncontradicted facts, the court below inferred and found that the appellee was not engaged in the production of goods for commerce, and that the goods in question were munitions of war manufactured by the United States for the purpose of being used by it in the prosecution of the war; and accordingly, as a matter of law, the court entered summary judgment, from which this appeal was taken.

The Supreme Court, in Kennedy v. Silas Mason Co., 334 U.S. 249, 68 S.Ct. 1031, does not condemn the summary judgment procedure if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. There is a large number of these claims, all arising out of a common state of facts and depending for decision upon the same principles of law. The judicial process may break down under the load if the courts fail to use the new methods of procedure provided by the Federal Rules of Civil Procedure, 28 U.S.C.A. While it is true that the appellants here denied generally the facts relied on by appellee for a summary judgment, such denial specified no controverted fact that would be admissible in evidence upon a trial on the merits. Rule 56(e) provides the form of

supporting and opposing affidavits in the summary-judgment procedure, and requires that the affidavits shall set-forth such facts as would be admissible in evidence; moreover, the affidavits must show affirmatively that the affiant is competent to testify to the matters therein stated. On motion under this rule, paragraph (d) requires the trial court to ascertain, if practicable, what material facts exist without substantial controversy and what material facts are actually in good faith controverted. The court shall thereupon, the rule says, make an order specifying the facts that appear without substantial controversy; and, upon the trial, the facts so specified shall be deemed established.

■ Paragraphs II and V(D), set out below in full, contain (so far as applicable here) appellee's response to the motion for a summary judgment.[2] The averments do not meet the requirements for affidavits under Rule 56(e). No witness would be permitted to testify that the appellee operated as an independent contractor and was engaged in the production of goods for commerce, which are the ultimate facts in issue. Those allegations in the pleadings were sufficient to sustain the complaint upon a motion to dismiss for failure to state a claim upon which relief could be granted;[3] but in response to a motion for summary judgment, such allegations at best were only a part of the pleadings to be examined by the court under Rule 56(d) of the Federal Rules of Civil Procedure. They presented issues of fact to be determined by the trial court, at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel.[4] The court below did

this, and found as a fact that the appellee was not engaged in the production of goods for commerce within the meaning of the Fair Labor Standards Act, and that the United States was not only the actual producer but the ultimate consumer of the goods in question.[5] These findings were deduced from the uncontroverted facts; and, if judgment had not been rendered upon the whole case, an order specifying the facts that appeared without substantial controversy would have been required by Rule 56(d); but, since it appeared from the pleadings, affidavits, and statements of counsel, that there was no genuine issue as to any material fact and that the moving party was entitled to judgment as a matter of law, the court was required to enter judgment forthwith under subdivision (c) of said rule.[6]

The question before us is not whether the trial court, upon the uncontroverted facts, reasonably might have found that the appellant was operating as an independent contractor in the production of goods for commerce, but whether a fair and impartial tribunal reasonably could have inferred from the uncontroverted facts that the United States was producing munitions for its own use in war, and that the appellee was acting merely as a government agency.

■ There is no hard-and-fast rule for determining who are independent contractors, but generally the term signifies one who contracts to do a piece of work according to his own methods, and without being subject to the control of his employer, except as to the result of the work, and who has the right to employ and discharge the workmen independently of such employer and free from any superior author-

[2] Paragraph II. "Plaintiffs state that the defendant is engaged in the production of goods for commerce and in acts necessary for the production of goods for commerce at all times pertinent to the complainant filed herein within the meaning of the Fair Labor Standards Act."

Paragraph V(D). "That the defendant throughout all times pertinent to this cause operated as an independent contractor upon a cost plus a fixed fee basis and by its contract with the Government of the United States specifically obligated itself to pay plaintiffs the money they seek under this Act."

[3] Rule 12(b) (6) of Federal Rules of Civil Procedure.

[4] Rule 56(d) of Federal Rules of Civil Procedure.

[5] Pages 93, 94, and 95 of the Transcript; but see Rule 52(a), as amended, which provides that findings of fact and conclusions of law are unnecessary on decisions of motions under Rule 56, i. e., motions for summary judgments.

[6] Rule 56(c) of Federal Rules of Civil Procedure.

ity in the employer to say how the specified work shall be done or what the laborers shall do as it progresses. Ordinarily the question is one of fact, and each 'case depends on its own facts, no one feature of the relation being determinative, but all being considered together.[7]

With these elementary principles in mind, and without needless repetition, let us summarize the uncontradicted facts upon which the court below based its inference that appellant was not an independent contractor, engaged in commerce within the meaning of the Fair Labor Standards Act. Such facts are as follows:

The Army and Navy Departments were responsible for the operation of nearly one hundred government-owned giant munition plants, which were the backbone of the nation's armament program. In order fully to utilize the nation's resources and to minimize encroachments upon its industrial structure, the two departments chose to operate these plants through the agency of selected commercial contractors. All of these plants were owned outright by the United States, and all but a few were located upon military reservations. All were engaged solely in war production, the work performed being of a secret, hazardous, and confidential nature.

The normal profit-making factors were lacking in the arrangement between the Government and appellee in this case. The contractor furnished only its managerial ability, qualities, and services, for which it was paid a fixed fee unaffected by risks of financial loss. The Government retained the right to dismiss any employee at the plant whom it deemed incompetent, or whose retention was deemed by it to be not in the public interest; it approved all wage and salary rates; inspected vigilantly the various processes of production, and required compliance with its detailed specifications that covered every phase of the operation. The Government owned the reservation, owned the plant, tools, working material, and the component parts from which the munitions·were made or assembled; it took title at the point of origin to all goods and materials used in the opera-

tions, shipping them to the plant-site under government bills of lading.

■ The appellee was required to comply with detailed rules and regulations, and no key employees or their assistants· were permitted to be hired or assigned to service until there had been submitted and approved by the Contracting Officer a statement of the previous salary, proposed salary, qualifications, and experience of the persons selected for such assignments. In a word, all munitions processed at the plant were under the direct supervision and control of the Government, with no discretion given the contractor to produce munitions except as required by Government direction. Add to these established facts the self-evident one that the United States is not engaged in commerce in making munitions to be used by it in waging war, and we have a solid and sufficient basis from which to draw the fair and reasonable inference that the appellee was not an independent contractor and not engaged in commerce within the meaning of the Fair Labor Standards Act.

■ Other defenses, such as payment and statutes of limitation, are presented by the pleadings, but it is unnecessary to discuss them, because wherever we turn in this case we are confronted with the ultimate fact, established by the finding of the court below, that appellee was not an independent contractor. To ignore this fact would be to disregard Rule 56, which was promulgated by the Supreme Court. A reasonable inference fairly deduced from an uncontroverted fact or number of facts may establish the existence of an ultimate fact that entitles one of the parties to judgment as a matter of law. When this happens, as it did in this case, and summary judgment is sought, Rule 56(c) requires that "judgment * * * shall be rendered forthwith."

■ On the other hand, if the judgment were reversed and the cause remanded, the trial court would be required to proceed under Rule 56(d), by specifying the facts that appeared without substantial controversy; and we know what those facts are

---

[7] 42 Corpus Juris Secundum, pages 638 to 641.

from the opinion in this record.[8] Under Rule 52, as amended, findings of fact and conclusions of law are unnecessary on decisions of motions for summary judgment, but under Rule 56(d) the court is required to make an order specifying the facts that appear to be without substantial controversy. Rule 52(a) provides that if an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact and conclusions of law appear therein. Thus the court's opinion in this case, while not required under Rule 52(a), might serve the requirements of Rule 56(d), the provisions of which could not be avoided upon another trial. The intention of this rule is to put an end to useless and expensive litigation if there is no geniune issue as to any material fact.

The judgment appealed from is Affirmed.

---

[8] See opinion of the court below, pp. 93, 94, and 95 of the record, which contains findings under Rule 52(a), as amended, sufficient to require the entry of an order under Rule 56(d) specifying the facts that "shall be deemed established" upon the trial.