**Irvin Lee "Jack" DAWKINS et al., Plaintiffs-Appellants,**

**v.**

**William GREEN, City Manager of the City of Gainesville, Florida, et al., Defendants-Appellees.**

**No. 26448.**

United States Court of Appeals Fifth Circuit.

June 2, 1969.

John Due, Quincy, Fla., William M. Kunstler, New York City, Morton Stavis, Dennis Roberts, Harriett Van Tassel, George Logan, III, Newark, N. J., for appellants.

Earl Faircloth, Atty. Gen. of Florida, T. T. Turnbull, Asst. Atty. Gen., Tallahassee, Fla., Wayne Carlisle, Osee R. Fagan, Gainesville, Fla., George R. Georgeieff, Asst. Atty. Gen., Tallahassee, Fla., for appellees.

Before PHILLIPS*, BELL and MORGAN, Circuit Judges.

LEWIS R. MORGAN, Circuit Judge:

This is an appeal from an order of the District Court granting the motion of appellees William Green, et al., for summary judgment and denying the prayer of appellants Irvin Lee "Jack" Dawkins, et al., for injunctive relief. The relief sought would have enjoined state officials from enforcing certain criminal laws [1] which plaintiffs-appellants allege have been applied unconstitutionally to them.

---

\* Of the Tenth Circuit, sitting by designation.

1. Sections 806.01, 806.02 and 870.01. Revised Statutes of Florida, F.S.A. All

The appellants in the case *sub judice* are the six citizens remaining after the allowance of appellants' motion to dismiss. The plaintiffs originally consisted of ninety-two citizens and eleven unincorporated associations. The appellees are six public officials of Gainesville, Florida, or of Alachua County, Florida. The circumstances which preceded the filing of this complaint covered a period of several months and included various forms of protest activities by Dawkins and others in an effort to spot-light conditions which they believed to unjustly exist. In response to a subpoena by the Grand Jury of Alachua County, Dawkins and one other, Carol Thomas, testified before the Grand Jury on December 18, 1967. During their appearances, an issue of *Black Voices*, a mimeographed weekly handbill published by Dawkins, which was critical of the Grand Jury, was distributed in the vicinity of the Alachua County Courthouse. A copy of this issue of *Black Voices* was found in the Grand Jury room. Both Dawkins and Thomas were arrested upon a citation for contempt and, after a jury trial, were convicted and sentenced to prison terms of six and four months respectively. It was not until after the exhaustion of their state remedies and imprisonment of six weeks that an order setting bail pending appeal was allowed by this Court. The contempt conviction was subsequently denied a writ of certiorari by the United States Supreme Court, and appellant Thomas re-entered prison to serve the balance of her sentence.

While the court action was proceeding, there were several fire bombings in Gainesville and arrests connected therewith. In fact, Dawkins, himself, was arrested in connection with one of these crimes. Thereafter, plaintiffs-appellants filed their complaint alleging that the defendants-appellees acted in bad faith in prosecuting the plaintiffs under the color of law enforcement to suppress and give a chilling effect to the exercise of the plaintiffs' rights as secured by the Constitution of the United States. On May 9, 1968, all parties appeared by counsel before the trial Court at which time plaintiffs' request for an evidentiary hearing was granted. In addition, a pre-trial hearing was scheduled. The defendants subsequently filed a motion for summary judgment with supporting affidavits and were noticed for hearing at the time of the pre-trial. No affidavits were presented by plaintiffs to rebut those of defendants. At the pre-trial hearing, the trial Court requested memoranda of law with respect to the issues raised by defendants' motion for summary judgment. On June 4, 1968, the Court below granted defendants' motion for a summary judgment and dismissed the complaint.

The sole issue before this Court is whether there was a genuine issue as to any material fact, i. e., was summary judgment under Rule 56(e), Federal Rules of Civil Procedure,[2] properly granted. A review of the facts of the case at bar, as well as the case law on

plaintiffs other than Irvin Lee Dawkins, Sheila Lorene Preston, Joe Preston, Jethro Ward, Levi Wilcox and Joe Waller were dismissed on their own motion in this court. The constitutionality of the enforcement of Section 843.01 of the Florida statutes, F.S.A. was also attacked in the original complaint on the basis of charges against original plaintiff Carol W. Thomas, now dismissed. Thus that statute is no longer involved.

2. *Rule 56(e), F.R.C.P.*
*Form of Affidavits; Further Testimony; Defense Required.* Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue

this subject, convinces us that summary judgment is not warranted in this action.

 The portion of Rule 56(e) which bears on this controversy states:

"When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

In a nutshell, the problem presented appears to be whether a respondent to a motion for summary judgment may not file affidavits and still be entitled to a denial of the motion. We think that in certain cases the filing of counteraffidavits would be only a perfunctory task. This view is substantiated by the case law. It is well established that on motion for a summary judgment, the moving party carries the burden of proof, and he must show that no genuine issue of material fact exists even though at trial his opponent would have the burden of proving the facts alleged. Doff v. Brunswick Corporation, 372 F.2d 801 (6 Cir. 1967). In this case, defendants moved for summary judgment and submitted affidavits to support such a motion. Plaintiffs filed no affidavits. If this was an "appropriate" case for summary judgment, the action would have ended at this point.[3] However, the affidavits filed by the defendants are simply a re-

statement of the denials contained in their answer and add no new information. Moreover, they set forth only ultimate facts or conclusions in that their contents are statements by the county and city officials involved to the effect that they did not enforce the laws against plaintiffs in bad faith. No facts were present so that the trial Court could arrive at its own conclusions. As discussed in Woods v. Allied Concord Financial Corporation, (Del.), 373 F.2d 733 (5 Cir., 1967), in summary judgment proceedings, affidavits containing mere conclusions have no probative value.[4] The four affidavits attached to the motion for summary judgment aver numerous facts; however, as to the primary question in this case, i. e., the alleged bad faith enforcement of the stated code sections, there are only denials of any wrong doing. Since the affidavits that were before the trial Court were of no probative value, this is not a case in which summary judgment was "appropriate". Therefore, in accord with Rule 56(e), the plaintiffs' failure to submit affidavits in opposition to the summary judgment motion would have no effect on the results of this motion.

The District Court is directed to hold an evidentiary hearing to determine if appellants can prove their contentions within the context of Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L. Ed.2d 22 (1965), and its progeny. No question is now presented as to the scope of relief possible under *Dombrowski* in light of 28 U.S.C.A., § 2283.[5] See Cameron v. Johnson, 381 U.S. 741, 85 S.Ct.

---

for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

3. Rule 56(e), F.R.C.P., states explicitly that if the respondent fails to file affidavits in response, summary judgment, *if appropriate*, shall be entered against him. Thereby, the first determination to be addressed by the Court is whether the motion resting solely on movants' affidavits should be granted. (Emphasis added.)

4. This rule is well founded in the law. Bsharah v. Eltra Corporation, 394 F.2d

502 (6 Cir., 1968); Creel v. Lone Star Defense Corporation, 171 F.2d 964 (5 Cir. 1949).

5. 28 U.S.C. § 2283 (1958 ed) provides that:
 "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

1751, 14 L.Ed.2d 715 (1965), and 390 U.S. 611, 88 S.Ct. 1335, 20 L.Ed.2d 182 (1968), footnote 3, on this subject.

Plaintiffs-appellants' petition for an injunction in aid of jurisdiction and other relief to protect the jurisdiction of this Court is hereby denied. The motion of respondent Clinton Ashmore to dismiss the extraordinary petition is accordingly granted.

The granting of summary judgment in favor of the defendants by the District Court was error. We hereby reverse and remand the case to the District Court for an evidentiary hearing on the allegations contained in the complaint.

Reversed and remanded.