697 F.2d 1030
 UNITED STATES of America, Plaintiff-Appellee,
v.
ONE (1) 1944 STEEL HULL FREIGHTER CONVERTED WARTIME LANDING
CRAFT UTILITY VESSEL (LCU) SHAMROCK, approximately
112 feet in length, together with its
tackle, apparel, harness and
equipment, Defendant,
v.
KEMUR INTERNATIONAL, INC., Claimant/Counterclaim Plaintiff-Appellant.
 No. 82-5125
 United States Court of Appeals,
Eleventh Circuit.
 Feb. 11, 1983.
 
 Peter S. Herrick, Coconut Grove, Fla., for claimant/counterclaim plaintiff-appellant.
 Joseph A. Florio, Asst. U.S. Atty., Stephen LeClair, Miami, Fla., David B. Smith, Narcotic & Dangerous Drug Section, Washington, D.C., for plaintiff-appellee.
 Appeal from the United States District Court for the Southern District of Florida.
 Before GODBOLD, Chief Judge, FAY and CLARK, Circuit Judges.
 CLARK, Circuit Judge:
 
 
 1
 After finding 3,168 pounds of marijuana sealed in drums aboard the M/V Shamrock on June 2, 1978, the Customs Service seized the vessel on July 20, 1978. Following the seizure, the government sought forfeiture under 49 U.S.C. sec. 782, 21 U.S.C. sec. 881, and 19 U.S.C. sec. 1594. The sworn statements of the Shamrock's captain and first mate were in apparent contradiction as to the matter of the captain's knowledge of the presence of the marijuana. On October 21, 1981, the district court granted the government's motion for summary judgment.
 
 
 2
 In a trial of this case, a court would employ a three-tiered analysis of the facts. See United States v. One (1) Liberian Refrigerator Vessel, 447 F.Supp. 1053 (M.D.Fla.1977), aff'd, 617 F.2d 136 (5th Cir.1980). First, the court would determine whether the government had proved probable cause for the seizure of the vessel. Next, if the court had found probable cause, the burden would shift to the claimant to establish by a preponderance of the evidence its status as a common carrier pursuant to 19 U.S.C. sec. 1594, 21 U.S.C. sec. 881, or 49 U.S.C. sec. 782. Finally, if such status is proved, a determination by the court would return the burden to the government to prove that either the owner or the captain of the vessel was privy to the illegal activity or a consenting party thereto.
 
 
 3
 The issue in this case is whether, in a summary judgment action, the burden of proving common carrier status rests on the claimant, as it would in a trial. The government argues that it does. In its Motion for Summary Judgment and accompanying Memorandum, the government presented no evidence to show that appellant was not a common carrier. (Record, 159).
 
 
 4
 Given this failure by the government, summary judgment should not have been granted because, whether or not the non-moving party has the burden of proof at trial, in a summary judgment action the moving party has the burden of showing that there is no genuine issue of material fact. Benton-Volvo-Metairie, Inc. v. Volvo Southwest, Inc., 479 F.2d 135, 139 (5th Cir.1973); Sheridan v. Garrison, 415 F.2d 699, 709 (5th Cir.1969); Dawkins v. Green, 412 F.2d 644, 646 (5th Cir.1969); Reed v. Rheem Manufacturing Company, 364 F.2d 810, 811 (5th Cir.1966). See 6 J. Moore, W. Taggert & J. Wicker, Moore's Federal Practice p 56.15, at 56-480; 10 C. Wright & A. Miller, Federal Practice and Procedure: Civil sec. 2713, at 407; sec. 2716, at 430-32; sec. 2727, at 524-28.
 
 
 5
 In the trial of One Liberian Refrigerator Vessel, the district court judge based his conclusion that the vessel was not a common carrier on claimant's failure to introduce any evidence that the carrier (1) solicited, advertised, or held itself out as a carrier for all shippers; (2) considered filing or had filed a tariff with the Federal Maritime Commission as required of every common carrier by water in interstate commerce under 46 U.S.C. sec. 817; or (3) carried for hire under bills of lading all cargoes tendered it in the relevant part of its trade. Id. at 1061. The government should have attempted a showing, addressed to one or more of these points, or some other relevant factors, to provide a basis for finding that the Shamrock was not a common carrier. Such a showing would have then shifted the burden to the claimant to demonstrate that common carrier status was indeed a genuine issue of material fact.
 
 
 6
 REVERSED AND REMANDED.