**ATLAS PUBLISHING, INC., Ion Publishing, Inc., d/b/a The World Wide Telex Directory, Plaintiffs,**

v.

**UNITED STATES POSTAL SERVICE, Postmaster, Miami, Florida 33101; Postmaster, Coral Gables, Florida 33114, Defendants.**

**No. 82–1904–Civ–SMA.**

United States District Court, S.D. Florida.

Aug. 30, 1983.

Pamela Hornett, Asst. U.S. Atty., Miami, Fla., for defendants.

Andrew C. Hall, Miami, Fla., for plaintiffs.

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

ARONOVITZ, District Judge.

THIS MATTER comes before the Court upon Defendants' Motion for Summary Judgment (docket nos. 19 & 20). The

Court has reviewed the record, submissions of counsel, the applicable law, and has heard the argument of counsel, and being otherwise fully advised in the premises, it is thereupon

ORDERED AND ADJUDGED that Defendants' Motion for Summary Judgment be, and the same is, hereby GRANTED.

It is well established that the granting of summary judgment is appropriate where there is no genuine issue of material fact and the law is on the side of the moving party. *Creel v. Lone Star Defense Corp.*, 171 F.2d 964, 969 (5th Cir.1949), *rev'd on other grounds*, 339 U.S. 497, 70 S.Ct. 755, 94 L.Ed. 1017 (1950). The Court's Order of October 21, 1982, granting a preliminary injunction (docket no. 17) is hereby receded from insofar as it conflicts with the holdings that shall be more fully set forth herein.

In this action, Plaintiffs sought injunctive relief, through the entry of a preliminary injunction, from a "stop mail" order issued on August 24, 1982, and amended on August 30, 1982, by James A. Cohen, Judicial Officer of the United States Postal Service, pursuant to 39 U.S.C. Section 3005. Subject matter jurisdiction exists pursuant to 39 U.S.C. Section 409, and the Court has jurisdiction over the parties. As noted above, an Order Granting Preliminary Injunction was entered on October 21, 1982.

Plaintiffs, Atlas Publishing, Inc. and Ion Publishing, Inc. are engaged in international publishing and distribution of a world-wide directory of telex users. They publish and distribute, free of charge to those who request it and to libraries and communications centers, a world-wide directory, listed by country, of all persons and businesses that are telex users. The directory published by the plaintiffs is a combined yellow and white pages. All users are listed in the white pages, but only those who pay the plaintiffs' fee have an advertisement appear in the yellow pages section. Plaintiffs solicit advertisement subscriptions from international telex users through the use of a "pro forma" invoice; i.e., an invoice that appears to reflect an existing charge, but actually is an offer soliciting the placement of an advertisement. "Pro forma" invoices are apparently used in international publication as a means of facilitating international payments, particularly in countries that have restrictions on currency transfers.

On November 13, 1981, the Consumer Protection Division, Law Department, United States Postal Service ("U.S.P.S."), filed a Complaint alleging that the Plaintiffs in the instant case, by mailing their "pro forma" invoices, were engaged in a violation of 39 U.S.C. Sections 3001(d) and 3005(a).

Section 3001 designates certain matter as "non-mailable." The statute provides:

Matter otherwise legally acceptable in the mails which—

(1) is in the form of, and reasonably could be construed as, a bill, invoice, or statement of account due;

but

(2) constitutes, in fact, a solicitation of the order by the addressee of goods or services, or both;

is non-mailable matter, shall not be carried or delivered by mail. . . .

39 U.S.C. § 3001(d). Moreover, the U.S. P.S. sought the issuance of a "stop mail" order against the plaintiffs pursuant to 39 U.S.C. Section 3005(a), which provides that "the mailing of matter which is non-mailable . . . shall constitute prima facie evidence that such person is engaged in conducting a scheme or device for obtaining money or property through the mail by false representations. . . ." The statutory "stop mail" order requires the postmaster to return the mail to the sender marked so as to indicate a violation of the statute.

Pursuant to 39 C.F.R. Section 952, a full evidentiary hearing was held with regard to the U.S.P.S. Complaint on January 22–23, 1983, before Administrative Law Judge ("A.L.J.") William A. Duvall. The A.L.J. held that although plaintiffs' solicitations were non-mailable matter under 39 U.S.C. § 3001(d), the U.S.P.S. failed to establish that a sufficient basis existed for the is-

suance of a False Representations "Stop Mail" order under 39 U.S.C. § 3005.

The A.L.J.'s initial decision was appealed by the U.S.P.S. to the Judicial Officer of the Postal Service pursuant to 39 C.F.R. Section 952.25. The Judicial Officer then reversed the initial decision with respect to section 3005, and entered a "stop mail" order on August 24, 1982. On August 30, 1982, the order was amended to provide for the holding of mail, rather than its return, pending the result of this appeal.

This Court's Order Granting Preliminary Injunction of October 21, 1982 was predicated upon a conclusion that the Plaintiffs met the four requirements for the issuance of a preliminary injunction in this circuit. *See Canal Authority of Florida v. Callaway,* 489 F.2d 567, 572 (5th Cir.1974). Upon consideration of the motion for summary judgment and argument thereon, the Court has determined that it should recede from its preliminary rulings in the order granting the preliminary injunction. Specifically, the Court now holds that, under the Administrative Procedure Act, the Judicial Officer's review and reversal of the A.L.J.'s findings was proper, that there was "substantial evidence" in the record to support the Judicial Officer's opinion, and that the "ordinary mind" test is appropriately applied to the circumstances of this case. These determinations having now been made, it is apparent, as a matter of both law and fact, that the granting of summary judgment in the Defendants' favor is proper, and accordingly, that the "stop mail" order, issued by the Judicial Officer of the Postal Service on August 24, 1982, should be, and hereby is, reinstated.

The gravamen of this case is in the power of the Judicial Officer under 5 U.S.C. Section 557(b) to render a "final agency decision" of the United States Postal Service, and in the limited power of this Court, under 5 U.S.C. Section 704, to review that decision. The scope of the Court's review of agency actions is limited to a determination of whether the Judicial Officer's findings are arbitrary, capricious, an abuse of discretion, not in accordance with the laws

or unsupported by substantial evidence in the record as a whole. 5 U.S.C. §§ 706(2)(A)–(E); *Missouri-Kansas-Texas R.R. Co. v. United States,* 632 F.2d 392 (5th Cir.1980) *cert. denied* 451 U.S. 1017, 101 S.Ct. 3004, 69 L.Ed.2d 388 (1981). In this context, the substantial evidence test provides a narrow standard of review. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *McHenry v. Bond,* 668 F.2d 1185, 1190 (11th Cir.1982), *quoting Refrigerated Transport Co. v. ICC,* 616 F.2d 748, 751 (5th Cir.1980). It is axiomatic that a reviewing court in these circumstances does not impose its own decision on final agency action that is supported by substantial evidence. *National Broadcasting Co., Inc. v. F.C.C.,* 516 F.2d 1101, 1122 (D.C.Cir.1974).

Under Title 5, United States Code, Section 557(d), a hearing officer or Administrative Law Judge makes an initial decision that becomes the decision of the agency "without further proceedings unless there is an appeal to, or review on motion of, the agency within time provided by rule. *On appeal from or review of the initial decision, the agency has all the powers which it would have in making the initial decision* except as it may limit the issues on notice or by rule." *Id.* [emphasis added].

The regulations dealing with the Postal Service are codified in Title 39, Code of Federal Regulations; 39 C.F.R. Section 952.17 provides that the presiding officer at any hearing shall be an Administrative Law Judge or the Judicial Officer of the Postal Service. The Administrative Law Judge is given the power, under section 952.24, to render an initial decision on the matter submitted to him. Under that same section, such initial decision is contemplated to become the final agency decision, if no appeal is taken in accordance with 39 C.F.R. § 952.25. *See* 5 U.S.C. § 557(b).

In this case, an appeal under section 952.25 *was* taken to the Judicial Officer, who rendered a lengthy written opinion, reversing the Administrative Law Judge's finding that there had been no violation of

39 U.S.C. § 3005, and entered a "stop mail" order pursuant to that section. Therefore, it is incontrovertible that the Judicial Officer's decision was a "final Agency decision," 39 C.F.R. § 952.26(c), for the purpose of review by this Court under Title 5, U.S.C., Sections 704 and 706.

 As a "final Agency decision," the Judicial Officer's opinion is entitled to review under the "substantial evidence" test. And, under *Steadman v. SEC,* 450 U.S. 91, 101 S.Ct. 999, 67 L.Ed.2d 69 (1981), the Judicial Officer's standard of proof is "preponderance of the evidene." *Id.* at 102, 101 S.Ct. at 1007. Having determined that the A.L.J.'s decision was not supported by a preponderance of the evidence, the Judicial Officer reversed the A.L.J. and found that "false representations" had been made. This Court can only review that decision under the substantial evidence test, and it is apparent from the Judicial Officer's lengthy analysis of the evidence that there is more than sufficient relevant evidence available to support a conclusion that might be drawn by a reasonable man. *See McHenry v. Bond, supra.* This conclusion is well supported in administrative law. The decision of the A.L.J. is entirely equivalent to the initial decision of a hearing examiner pursuant to 5 U.S.C. § 557. The initial decision is merely a recommendation, and does not withdraw any power from the agency, here the Judicial Officer, to modify or reverse it, inasmuch as the agency/Judicial Officer has all the powers which it would have originally had in making the initial decision. *See* Davis, *Administrative Law Text,* § 10.04 at 221 (1972).

A review of the record, and in particular, composite exhibit 7 [letters in response to the "pro forma" invoices], reveals that there is "substantial evidence" in the entire record to support the Judicial Officer's conclusion that the "ordinary mind" test for "false representations" should control and that reversal of the A.L.J.'s decision as to section 3005 was warranted. Accordingly, as stated earlier, the decision of the Judicial Officer is hereby affirmed, and the

"stop mail" order of August 24, 1982 reinstated.