**In re Marion ARNOLD, Judith Arnold, Debtors.**

**Milton L. SPROWL, Trustee in Bankruptcy, Plaintiff,**

v.

**SECOND NATIONAL BANK OF GREENVILLE, Defendant.**

Bankruptcy No. 3–86–00726.
Adv. No. 3–86–0133.

United States Bankruptcy Court, S.D. Ohio, W.D.

Jan. 29, 1987.

Milton L. Sprowl, Dayton, Ohio, trustee/plaintiff.

John M. Slavens, Dayton, Ohio, for defendant.

## DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

WILLIAM A. CLARK, Bankruptcy Judge.

Dated at Dayton, Ohio in said District on the 29th day of January, 1987.

### PROCEDURAL POSTURE

This matter is before the court upon the motion of the plaintiff, trustee for the bankruptcy estate of debtors Marion and Judith Arnold, requesting summary judgment against the defendant, Second National Bank of Greenville.

On June 26, 1986 plaintiff filed his complaint seeking to avoid pursuant to 11 U.S.C. § 547 an alleged preferential transfer from the debtors to defendant. Defendant's answer admitted that plaintiff is the trustee in bankruptcy for the debtors, but denied the remaining allegations of the complaint. On October 1, 1986 plaintiff moved for summary judgment and attached the following affidavit to his motion:

> Milton L. Sprowl, being first duly sworn and cautioned, says that he has examined the applicable law governing the failure to perfect a security interest in collateral and a resultant voidable preference where a transfer falls within the meaning of 11 U.S.C. Section 547; Affiant believes and therefore alleges that Defendant, Second National Bank of Greenville created a voidable preference

in the Trustee in Bankruptcy by not filing its financing statement until March 21, 1986, said date being within three (3) days of the date of the filing of the petition and schedules by debtors in these proceedings.

Defendant filed an opposing memorandum of law, but did not include affidavits.

### CONCLUSIONS OF LAW

Fed.R.Civ.P. 56(c) provides that "[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." An examination of the pleadings and plaintiff's affidavit convinces the court that it is unable to determine whether there is any genuine issue as to a material fact, because not all of the material facts have been properly submitted to the court.

In general, plaintiff's affidavit merely states that he "believes" and "alleges" that a preferential transfer was received by the defendant. "It should be remembered that in summary judgment proceedings affidavits containing mere conclusions have no probative value." *Benton-Volvo-Metairie, Inc. v. Volvo Southwest, Inc.*, 479 F.2d 135, 139 (5th Cir.1973). "Conclusory allegations ..., without specific supporting facts, have no probative value." *Gordon v. Terry*, 684 F.2d 736, 744 (11th Cir.1982).

Although defendant Bank has taken a risk by merely relying on its pleadings, instead of responding by affidavits or as otherwise provided by Fed.R.Civ.P. 56, the nature of plaintiff's affidavit prevents the court from entering a summary judgment against the defendant under the provisions of Fed.R.Civ.P. 56(e). "[M]ere statements of conclusions of law or ultimate fact cannot shift the summary judgment burden to the nonmovant." *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1221 (5th Cir.1985).

In some instances a movant for summary judgment may prevail despite the absence of a supporting affidavit. The present mo-

tion is not such a case. Plaintiff's complaint, although sufficient for the purpose of "notice pleading," simply does not furnish sufficient material "facts" to enable the court to decide that under Fed.R.Civ.P. 56(c) "the moving party is entitled to a judgment as a matter of law."

For the foregoing reasons plaintiff's motion for summary judgment is DENIED.