James Paul SCHRODER

v.

GOLDRUS DRILLING COMPANY, et al.

Civ. A. No. 85–1513 "L".

United States District Court, W.D. Louisiana, Lafayette-Opelousas Division.

Feb. 5, 1987.

---

Mel Credeur, Lafayette, La., for plaintiff.

Robert A. Vosbein and Timothy W. Cerniglia, New Orleans, La., for defendant Santa Fe Minerals.

Michael W. Fontenot, Lafayette, La., for defendant Rockwood Ins. Co.

Frank W. Dawkins and Harmon F. Roy, Lafayette, La., for defendant Goldrus Drilling Co.

## MEMORANDUM RULING

DUHE, District Judge.

This ruling consolidates motions for summary judgment filed by defendants Goldrus Drilling Company ("Goldrus") and Santa Fe Minerals, Inc. ("Santa Fe"). For the reasons outlined below, both defendants will be granted summary judgment.

### FACTS

Santa Fe engaged Goldrus to drill a well in Beauregard Parish, Louisiana. Because of special lease restrictions, it was necessary to separate solids from the drilling fluids. Santa Fe contracted with Fluid Driers, Inc. ("Fluid Driers") to perform this task. Plaintiff James Schroder was employed by Fluid Driers. He was injured at the drill site while operating equipment belonging to his employer. Subsequently, Schroder filed suit against both Santa Fe and Goldrus, alleging negligence. Federal jurisdiction was predicated on diversity of citizenship. 28 U.S.C. § 1332.

### LAW AND ANALYSIS

This claim does not involve active negligence on the part of either Santa Fe or Goldrus. Plaintiff contends that the defendants were negligent in failing to prevent the use of unsafe equipment on the drill site. It is a fundamental principle of tort law that one cannot be liable for failing to act unless a duty to act exists. *Futo v. Lykes Brothers*, 742 F.2d 209, 214 (5th Cir.1984); *Dowling v. Mutual Life Insurance Co. of New York*, 168 So.2d 107, 116 (La.App.1964). Under Louisiana law, a principal who hires independent contractors has no duty to discover and remedy hazards created by those contractors unless the principal retains operational control. *Hyde v. Chevron, U.S.A., Inc.*, 697 F.2d 614, 630 (5th Cir.1983); *Dowling*, 168 So.2d at 111; *accord Wallace v. Oceaneering International*, 727 F.2d 427, 437 (5th Cir. 1984) (general maritime law). Because Schroder must demonstrate the defendants' operational control in order to prevail, he must raise a genuine factual dispute concerning this issue to preclude summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

### I. Goldrus Drilling

Schroder relies on his own testimony that Goldrus employees provided support to Fluid Driers to create a triable issue. However, the fact that Goldrus employees were detailed to perform nonspecialized labor for Fluid Driers is not specifically indicative of operational control. Although Goldrus' was dependant on Fluid Driers' performance in completing its own contract, there is no attested evidence that Goldrus possessed either the acumen or the power to direct Fluid Driers' operation. Accordingly, summary judgment is appropriate. *See Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1192 (5th Cir.1986) (summary judgment appropriate in absence of proof concerning controlling issue).

### II. Santa Fe

Schroder offers opinion testimony in the form of an affidavit as evidence of Santa Fe's control. Even assuming the affiant's competency to testify as to industry practices, this evidence does not conform to the dictates of Rule 56(e). *See Arkansas-Best Freight System, Inc. v. Youngblood*, 61 F.R.D. 565, 569 (W.D.Ark. 1974) (opinions formed without personal knowledge of underlying facts not considered in motion for summary judgment). However, courts have permitted the use of expert opinion in opposition to summary

judgment when that evidence would be admissible at trial. *See Paton v. La Prade,* 524 F.2d 862, 871 (3d Cir.1975).

Schroder's affiant bases his opinion on both the deposition testimony and the drilling contract. My own review of the depositions reveals that the only testimony supporting a theory of operational control is Schroder's statement that Fluid Driers sought the approval of the "company man" prior to setting up their equipment. This circumstance alone could not support a conclusion that Santa Fe exerted operational control over the details of the solids removal procedure, particularly in light of contrary testimony.

Because the affiant's opinion is not founded in the facts of this case, it must be disregarded. *See generally Elliott v. Massachusetts Mutual Life Insurance Company,* 388 F.2d 362, 365–66 (5th Cir.1968); *Kern v. Tri-State Insurance Company,* 386 F.2d 754, 756 (8th Cir.1967). Moreover, the affidavit consists largely of legal conclusions concerning Santa Fe's "duties," "obligations," and "responsibilities." None of this material effectively raises any factual dispute concerning the operational control exerted by Santa Fe over Fluid Driers. *See Creel v. Lone Star Defense Corporation,* 171 F.2d 964, 967 (5th Cir.1949); *G.D. Searle & Co. v. Chas. Pfizer & Co.,* 231 F.2d 316, 318 (7th Cir.1956).

When evidence presented in a motion judgment is subject to conflicting interpretations, summary judgment is ordinarily improper. *See Braniff v. Jackson Ave.-Gretna Ferry, Inc.,* 280 F.2d 523, 526 (5th Cir.1960). However, the evidence advanced must be substantial. *Firemen's Mutual Insurance Co. v. Aponaug Mfg. Co.,* 149 F.2d 359, 362 (5th Cir.1945); 10A Wright, Miller & Kane, *Federal Practice and Procedure* § 2725 n. 31 (1983). The amount of evidence necessary to raise a genuine issue of fact is enough "to require a jury or judge to resolve the parties' differing versions at trial." *First National Bank of Arizona v. Cities Services Co.,* 391 U.S. 253, 288–89, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968). If evidence is merely colorable, or is not significantly probative, summary

judgment may be granted. *Anderson,* 477 U.S. at 252, 106 S.Ct. at 2512.