Jennie BSHARAH, Plaintiff-Appellant,

v.

ELTRA CORPORATION and International Union, UAW, Defendants-Appellees.

No. 17829.

United States Court of Appeals Sixth Circuit.

May 17, 1968.

Peter L. Moran, Toledo, Ohio, Peppers, Romanoff & Moran, Toledo, Ohio, on brief, for appellant.

John W. Hackett, Jr., Toledo, Ohio, Shumaker, Loop & Kendrick, Toledo, Ohio, Kelley, Drye, Newhall, Maginnes & Warren, Eugene T. D'Ablemont, New York City, on brief, for Eltra Corporation.

Jordan Rossen, Detroit, Mich., Green & Lackey, Toledo, Ohio, Stephen I. Schlossberg, John A. Fillion, Jordan Rossen, Bernard F. Ashe, Michael S. Friedman, Detroit, Mich., on brief, for International Union.

Before PHILLIPS and EDWARDS, Circuit Judges, and McALLISTER, Senior Circuit Judge.

PER CURIAM.

Appellant, a former employee of the Eltra Corporation, brought an action against the company and International Union, UAW, seeking damages for an alleged breach of her rights under a collective bargaining agreement entered into between the company and the union. The claimed breach of appellant's rights was the refusal of the company to transfer her, upon her request, to a factory in Bay City, Michigan, to which all the operations of the company had been transferred from Toledo, Ohio, where appellant had previously worked. The District Court granted the appellees' motion for summary judgment holding that appellant had failed to follow the contractual grievance procedures with which she was intimately familiar, since her primary duty with the company had been the processing of employee grievances under the collective bargaining agreement. According to the terms of such agreement, it was obligatory upon appellant to file a grievance which would be processed through the usual procedural steps.

Appellant contended, however, that the grievance procedures had broken down prior to the alleged breach of duty. While appellant filed the affidavits of three employees which set forth a

conclusion that the grievance procedures did not exist at the time of the alleged breach of appellant's rights, the Director of Industrial Relations of the company filed an affidavit made on his personal knowledge, reciting specific facts showing that the grievance procedures were in existence at the time. He set forth the names of employees who had filed grievances after the time when appellant contended the procedures had broken down, and that such grievances had been processed several months thereafter and during the course of the succeeding year. In summary judgment proceedings, affidavits containing mere conclusions have no probative value, Rule 56(e) of the Federal Rules of Civil Procedure, Creel v. Lone Star Defense Corporation, 171 F.2d 964 (C.A.5), G. D. Searle & Co. v. Chas. Pfizer & Co., 231 F.2d 316 (C.A.7). While the trial court stated that the foregoing affidavits of both parties indicated that there existed an issue of fact, the affidavit filed on behalf of appellant set forth only ultimate facts or conclusions. We are of the view that the evidence clearly discloses that the grievance procedures had not broken down, but were fully in effect at the time of the alleged breach of appellant's rights. The evidence is clear that appellant failed to follow the contractual grievance procedures that were available to her; and the trial court eventually made a finding to this effect.

Moreover, the record discloses that appellant was physically incapacitated at the time she requested a transfer to the factory in Bay City, Michigan, to which the company's operations had been transferred, and it is undisputed from the record that, because of her complete disability, she could not have continued to perform her duties if the transfer had been granted.

In sustaining the union's motion for summary judgment, the court held that, assuming the International Union owed a duty to protect appellant, she failed to allege or show any attempt to initiate her intra-union remedies prescribed by the constitution and by-laws of the International Union and, in this holding, we concur.

Other contentions advanced by appellant are not meritorious.

In accordance with the foregoing, the judgment of the District Court is affirmed.