Anthony **BALDINI** and Dennis Andrzejwski, Plaintiffs,

v.

**LOCAL UNION NO. 1095, INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, UAW, William E. Nichols, Maurice J. Roberts, David Lloyd, Claude Gorby and White Motor Corporation, d/b/a South Bend Farm Equipment Company, Defendants.**

No. S 75–185.

United States District Court,
N. D. Indiana,
South Bend Division.

Aug. 4, 1977.

Joseph V. Simeri, South Bend, Ind., for plaintiffs.

Franklin A. Morse II, South Bend, Ind., Lynnville G. Miles, Indianapolis, Ind., Irvin J. Smith, South Bend, Ind., Edwin G. Fabre, Detroit, Mich., for defendants.

## MEMORANDUM

ALLEN SHARP, District Judge.

The facts are as follows. Both plaintiffs, former employees of defendant Company were discharged from their jobs on April 17, 1975 for alleged theft of company property. The defendant Union took their grievances and processed them but withdrew them prior to arbitration. Both plaintiffs allege

that the defendant Union and its officials led them to believe that their grievances were being appealed to arbitration. Both plaintiffs state they relied on this alleged intentional misrepresentation and it was not until June 1975 or early July 1975 that the plaintiffs discovered the defendant Union had not taken the necessary steps to arbitrate the question of their discharge. It is undisputed that both plaintiffs did not institute intra-union proceedings against the defendant Union for any wrongdoing concerning this matter. With these facts in mind this Court now turns to its specific holdings.

## DEFENDANT–UNION

The plaintiffs allege that the Union breached its duty of fair representation by intentionally misleading them to believe that their grievance was being taken to arbitration when in fact it was not.

It is well settled that in order to have a cause of action regarding an alleged breach of the duty of fair representation, one must meet very specific and exact tests.

The federal courts have clearly spoken to the requirements a plaintiff must allege and prove in order to maintain an action against his union for alleged breach of the duty of fair representation. The federal bench has stated and restated the criteria which constitute a breach of the duty of fair representation.

In *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967), the Court stated the standard which the plaintiffs have to meet to sustain their claims of statutory unfair representation against defendant Union. This standard of *Vaca* is that a union is liable to an aggrieved member for breach of the duty of fair representation only if its actions toward a member are *hostile, discriminatory, in bad faith, dishonest, or arbitrary.*

However, before reaching the issue of unfair representation against the Union the plaintiffs must first exhaust their intra-union remedies in an effort to rectify the wrong which has allegedly been done to them.

The general rule is that a prerequisite to suit under 29 U.S.C. § 185 for breach of the duty of fair representation is the exhaustion of intra-union remedies. For example, in *Bsharah v. Eltra Corporation*, 394 F.2d 502 (6th Cir. 1968), plaintiff sued both her union and former employer, alleging a failure by the union to properly represent her. In affirming the District Court's granting of the union's motion for summary judgment, the Circuit Court stated, at page 503:

"In sustaining the union's motion for summary judgment, the court held that, assuming the International Union owed a duty to protect appellant, she failed to allege or show any attempt to initiate her intra-union remedies prescribed by the constitution and by-laws of the International Union and, in this holding, we concur."

In the instant case, the plaintiffs had all of the internal union remedies available to them. Under Article 33 of the 1974 Constitution of the International Union, UAW, the available remedies an aggrieved has open to him are set forth. Further § 12 of Article 33 says:

"It shall be the duty of any member or subordinate body who feels aggrieved by any action, decision or penalty imposed upon him or it, to exhaust his or its remedy and all appeals therefrom under the laws of the International Union prior to appealing to a civil court or governmental agency for redress."

Courts have long accepted the rule that a member must first exhaust his internal remedy before instituting a civil action. This Circuit adheres to this same rule as it was recently enunciated in *Newgent v. Modine Manufacturing Company*, 495 F.2d 919 (7th Cir. 1974).

In *Newgent*, the court held that a union member must exhaust internal union remedies as a prerequisite to instituting a civil action against his union. In *Newgent*, the plaintiff was discharged from his employment and the union filed a grievance on his behalf. The grievance was processed by the union, but the union decided not to

arbitrate. When Newgent protested the decision not to arbitrate, the Local Union president said, in effect, there was nothing else he would do.

The Court of Appeals, in affirming the district court's granting of summary judgment said:

"As noted supra, the exhaustion of union remedies is mandatory under the Union's Constitution, and there is no question that the Union remedies are in fact fair and adequate and were freely available to Newgent. By becoming a member of the Union Newgent was contractually obligated to exhaust union remedies before resorting to a court action. *Neal [v. System Bd. of Adjustment]*, supra, [8 Cir.,] 348 F.2d [722] at 726. Necessarily implied in this obligation is the duty to become aware of the nature and availability of union remedies. Newgent was not 'justified in remaining in ignorance of the provisions governing his own union or, in fact, of relying on a statement by an officer that there was nothing he could do'. *Donahue v. Acme Markets, Inc.*, 54 L.C. para. 11, 413 (E.D.Pa.1966). We hold that Newgent's allegations of ignorance and reliance upon Hluchan's directives to institute court action are not sufficient to avoid the defense of failure to exhaust union remedies, and that the district court's summary judgment in favor of the Union may be affirmed on this ground." *Newgent*, supra, pp. 927–928.

Also see, *Orphan v. Furnco Construction Corp.*, 466 F.2d 795, 801 (7th Cir. 1971).

This principle is staunchly upheld in other circuits as well. *Foy v. Norfolk & Western Ry.*, 377 F.2d 243, 246 (4th Cir.) certiorari denied, 389 U.S. 848, 88 S.Ct. 74, 19 L.Ed.2d 117 (1967); *Fingar v. Seaboard Air Line R. R.*, 277 F.2d 698, 701 (5th Cir. 1960); *Anderson v. Ford Motor Co.*, 319 F.Supp. 134, 136–137 (E.D.Mich.1970); *Sciaraffa v. Oxford Paper Co.*, 310 F.Supp. 891, 902, n. 20 (D.Maine 1970); and *Harrington v. Chrysler Corp.*, 303 F.Supp. 495, 497 (E.D.Mich.1969).

In short, it is well established that exhaustion of available internal union remedies is mandatory.

██ The plaintiffs do not deny that they failed to exhaust internal union remedies. In response to defendants' Request for Admissions of Facts, the plaintiffs made the following response:

"1. That the plaintiffs did not appeal the handling of their grievance, protesting their April 17, 1975 discharge, of the membership of UAW Local 1096.

1. As to request No. 1, plaintiffs state that they had no reason to appeal because they were told on numerous occasions by defendant Maurice Roberts, on behalf of the Local and International Unions, that their grievance was being arbitrated. The plaintiffs relied on this intentional misrepresentation of fact and it was not until the end of June 1975 or early July 1975 when the plaintiffs discovered the defendant Unions had not taken the necessary steps to arbitrate the question of their discharge. Further, attached to and made a part of this response is a copy of a letter dated February 24, 1976 from our attorney to the attorneys for the defendant Local Union and defendant International Union. Neither ourselves nor our attorney have ever received any response to this letter but we are still prepared to proceed as outlined in such letter."

Similarly, Request for Admission of Facts, Number 2, 3 and 4 were answered with the identical response. This Court holds that the plaintiffs cannot, by their response, forestall a motion for summary judgment.

Once again, the Court points to *Newgent*, supra. In *Newgent*, the plaintiff asserted, as a reason for not exhausting intra-union remedies, the conversation he had with the local union president, in essence, mislead him by stating that he would need a private attorney, and a $50,000 bond in order to proceed further.

In response to Newgent's assertion, the Court said:

Newgent was not "justified in remaining in ignorance of the provisions governing his own union, or, in fact, of relying on a statement by an officer that there was nothing he could do". (495 F.2d at 928)

This Court finds nothing in the record to indicate the plaintiffs were impeded in pursuing an intra-union procedure to appeal the alleged injustice. Even assuming, *arguendo*, that the Union officials misled the plaintiffs in pursuing these remedies, it is of no avail to the plaintiffs in light of *Newgent*, supra. Furthermore, it is uncontroverted that the plaintiffs did not exhaust intra-union remedies, yet they knew or should have known of them.

The affidavits of Messrs. Beckham, Klein and Dale, Union officials, indicate that the plaintiffs knew or should have known of the internal union procedures, but did not utilize them.

In his affidavit, Mr. Jerry Dale lists the dates of the various publication of *Solidarity* which contained articles about the internal union appeals, and how to use them. Thus, as member of the UAW, the plaintiffs received the official publications of the UAW and accordingly knew or should have known about internal union appeals.

Both plaintiffs contend that these publications were published prior in time to their association with the Union and the Company, which would account for their lack of knowledge of said publications. However, as *Newgent*, supra, held, ignorance is no excuse for failure to process an intra-union matter. It would seem only reasonable that a minimal effort on the plaintiffs' part would have resulted in the acquisition of the necessary reading materials.

Moreover, in their affidavits, Messrs. Beckman and Klein state categorically that neither Baldini or Andrzejwski sought internal union appeals. This is uncontroverted. This Court must take as true the defendants affidavits on Motion for Summary Judgment where they stand uncontested by sworn testimony. This is required under the rule. Fed.Rules of Civil Procedure (R. 56(c), (e)), *Anderson v. Ford Motor*, 319 F.Supp. 134 (E.D.Mich.1970).

This Court also takes note of the exceptions to the rule of intra-union exhaustion of remedies. However, this Court finds none applicable to these particular plaintiffs and the defendant Union.

There appear to be three recognized exceptions to the rule requiring exhaustion of intra-union remedies:

1. A member is not limited to the exclusive remedial procedures established by the collective bargaining agreement when the conduct of his employer amounts to repudiation of those contractual procedures. *Vaca v. Sipes*, 386 U.S. 171, 185, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967).

2. A member may bring suit when the union has the sole power under the contract to invoke the higher stages of the grievance procedure, and the member is prevented from exhausting his contractual remedies by the union's wrongful refusal to process a grievance. *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967).

3. Finally, a member will not be required to exhaust his intra-union remedies where the effort to proceed formally with contractual or administrative remedies would be wholly futile. *Glover v. St. Louis-San Francisco Railway Co.*, 393 U.S. 324, 89 S.Ct. 548, 21 L.Ed.2d 519 (1968).

In the present case, the first exception clearly does not apply since there was no attempt on the part of either defendant to repudiate contractual procedures. The second exception also does not apply in this case since the appeal procedure available to the plaintiff was not totally within the control of the Union. The plaintiffs attempt to circumvent the exhaustion doctrine through the third exception of futility. Plaintiffs argue that the lack of defendants' response to the plaintiffs letter of February, 1976, demonstrates futility. This Court does not agree. Nowhere in the record does it show where plaintiffs actively and affirmatively attempted to utilize intra-union procedures and were arbitrarily rejected.

After examining the record, this Court holds in favor of the defendant Union and against the plaintiffs Baldini and Andrzejwski.

## DEFENDANT–WHITE FARM EQUIPMENT

The next motion the Court must consider is the Summary Judgment motion filed by the defendant Company against the plaintiffs. The Court finds there is no material issue in dispute and the moving party is entitled to prevail as a matter of law.

■ The crucial question to determine now is whether or not the Company can successfully assert the failure to exhaust intra-union remedies as a bar to the plaintiffs suit. This Court holds that it can. This Court acknowledges that the Seventh Circuit has not spoken authoritatively on this issue so this Court now looks to a sister circuit for persuasive authority. This Court finds the reasoning in *Fleming v. Chrysler Corp.*, 416 F.Supp. 1258 (E.D.Mich.1975) to be compelling.

In *Fleming*, supra, the plaintiffs' filed suit against Chrysler and the UAW alleging unfair representation. The District Court granted summary judgment in favor of the defendant Union because the plaintiffs did not file an intra-union appeal which is a prerequisite to suit under 29 U.S.C. § 185 for breach of duty of fair representation. The Court also held that the Union did not breach its duty of fair representation under *Vaca*, supra.

In regard to the defendant Chrysler, the court held that it could successfully assert the plaintiffs' failure to institute intra-union proceedings as a bar to the suit against it. The court stated:

"By exhausting his internal remedies the employee may be able to eliminate the very wrong of which he complains, not merely obtain a remedy therefor in another forum. If the union's wrongful refusal to continue the grievance were reversed without prejudice to his rights, the employee would no longer have a cause of action for breach of the duty of fair representation, and consequently would have no right under *Vaca* to sue his employer for breach of contract. This conclusion is consistent with the national labor policy in favor of arbitration. *Orphan v. Furnco Constr. Co.*, supra. See

generally *United Steelworkers of America v. American Mfg. Co.*, 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960); *United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960). It is also consistent with the preference for finality and against interlocutory appeals in judicial review of administrative action generally. See K. Davis, Administrative Law Treatise § 20.05 (1958 Supp. 1970)."

In the case at bar, the remedies available to the plaintiffs through the internal appeal procedure were fully adequate to make them whole, should it have been determined that their grievances had been improperly handled. By pursuing these remedies, it would have given the Union a chance to rectify any alleged wrong and therefore prevented any breach of its duty of fair representation. Not having done so, the plaintiffs are in no position to prove that the Union committed such a breach and can not avoid the Company's defense of exhaustion.

Additionally, this Court finds no reason why the Company should be estopped from asserting failure to institute intra-union appeals as a bar to this lawsuit. The plaintiffs were or should have been fully aware as to how to proceed with these measures (see intra-union discussion in the Union Summary Judgment portion of this opinion).

In light of the plaintiffs' failure to prosecute their rights, this Court sees no reason to discuss the merits of the Union's alleged breach of fair representation.

Therefore, in light of the above considerations, it is ordered that the defendants' Motions for Summary Judgment be, and hereby are, GRANTED.

SO ORDERED.