**Robert WILLETTS, Plaintiff-Appellant,**

v.

**FORD MOTOR COMPANY and United Auto Workers of America, Local 898, Defendants-Appellees.**

No. 76–2464.

United States Court of Appeals, Sixth Circuit.

Argued April 11, 1978.

Decided Aug. 30, 1978.

First it was a shoulder injury that incapacitated him for five weeks, then a foot injury caused him to miss two days of work, and finally a knee injury (supposedly a turtle bit him) forced him to miss one day's work. When he returned to work after these absences, he was terminated. Appellant alleges that he filed a grievance with his union, that nothing came of the action, and that he was told by appellee union for five months afterwards the matter was still pending when in fact it had been withdrawn by the union.

William D. Haynes, Haynes & Donnelly, Detroit, Mich., for plaintiff-appellant.

Walter E. Vashak, Jr. and Richard J. Molloy, Paul R. Caldwell, Ford Motor Co., Theodore C. Miloch, Dearborn, Mich., Duane F. Ice, Bruce A. Miller, Miller, Klimist, Cohen, Martens & Sugerman, Detroit, Mich., for defendants-appellees.

Before EDWARDS and MERRITT, Circuit Judges, and PECK, Senior Circuit Judge.

JOHN W. PECK, Senior Circuit Judge.

Plaintiff-appellant brought this action against his former employer, defendant-appellee Ford Motor Company, for discharging him in violation of the collective bargaining agreement in force at his former place of employment, and against his union, defendant-appellee United Auto Workers (UAW), Local 898, for failure to represent him fairly with respect to his grievance concerning the discharge. After answers to the complaint were filed, appellee employer and appellee union filed motions for summary judgment. Affidavits were filed on both sides. The district court held an evidentiary hearing, and after that hearing, it granted appellees' motion for summary judgment and dismissed appellant's complaint. Appellant has perfected this appeal. We affirm.

In the district court, the parties presented two very different versions of the facts in this case. According to appellant, in the summer of 1974 he suffered a series of injuries that caused him to miss work.

Appellee union (appellee employer agrees with the following statement of facts) states that in the summer of 1974 appellant was absent from work on one day in June and on two days in July. When appellant reported for work following his two-day absence in July, he went to his employer's Medical Department to get a medical clearance for his absence for those two days. He was refused a medical justification for his time off and was instead sent to his employer's Labor Relations Department, where he met one of his employer's Labor Relations representatives and his union's plant chairman, one Jake Smith. The employer's labor representative told appellant that he was going to be discharged for absenteeism. Appellant offered excuses for his most recent absence, and plant chairman Smith intervened and suggested that appellant be given the opportunity to substantiate his excuses. The labor representative agreed.

For the next month appellant was absent from work on an excused absence. When in August appellant did report for work, he was informed that there was going to be a disciplinary hearing regarding his absences in June and July of that summer. Appellee union agreed to represent appellant at the hearing, and two committeemen discussed appellant's case with him prior to the hearing and presented arguments in appellant's behalf at the hearing. Despite appellee union's effort, appellee employer decided to discharge appellant.

Appellee union then aided appellant in filing a grievance. A second stage hearing

was held two days after the disciplinary hearing, and at the second stage hearing appellant was represented by plant chairman Smith and another union committeeman. At this hearing the employer's labor representative pointed out that appellant had been disciplined ten times for absenteeism since December, 1970, and stated that appellant was being properly discharged. The union representative presented arguments in appellant's behalf, but the employer's labor representative was not persuaded. After this hearing, appellee union withdrew appellant's grievance, having come to the conclusion that appellant's grievance lacked merit, and promptly notified him of the union's decision not to pursue further his case.

In November, 1975, appellant filed this lawsuit. Appellant did not, prior to bringing this action, seek to utilize available intra-union remedies, and he does not contend otherwise.

The district court, after considering the affidavits filed in the case and the testimony given at the evidentiary hearing, issued an opinion granting summary judgment to the appellees. The district court adopted the position, urged by appellees, that appellant was precluded by the collective bargaining agreement from suing the employer in the absence of a showing of unfair representation on the part of the union, *see Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1966), and that appellant was precluded from asserting a claim of unfair representation because (1) appellant had not shown that the union's actions with respect to appellant's grievance were arbitrary, discriminatory, or in bad faith and (2) appellant had failed to exhaust his intra-union remedies. The district court determined that appellant had not shown union arbitrariness, discrimination, or bad faith in the handling of his grievance because it credited the version of the facts presented in union plant chairman Jake Smith's affidavit and testimony given at the evidentiary hearing as the more accurate representation of what actually occurred and discredited appellant's version; the court found as a fact that appellant had been notified by the union that his grievance was being withdrawn for cause shortly after that decision was made and that appellant had sat on his rights. The district court determined that appellant had not exhausted his intra-union remedies since, as was undisputed, appellant had not sought to utilize the union appeal procedures, set out in the UAW's Constitution, that existed for members aggrieved by grievance and arbitration decisions of their local unions.

On appeal to this Court, appellant seeks reversal of the district court's judgment of dismissal. He contends that summary judgment could not have been granted because there were material issues of fact concerning whether appellee union had unfairly represented him by wrongfully failing to process his grievance and because he had exhausted his intra-union remedies.

We agree with appellant that the district court erred in granting summary judgment on the ground that appellant had not shown that the union had not fairly represented him with respect to his discharge from employment. For summary judgment to be rendered for appellees it was required that there be "no genuine issue as to any material fact" and that appellees be "entitled to a judgment as a matter of law." Rule 56(c), Federal Rules of Civil Procedure. This standard was not satisfied in the present case.

■ Since appellees would be entitled to a judgment as a matter of law if the union had fairly represented appellant, the application of the standard for granting summary judgment in this case meant that there could be no dispute about whether appellee union's action not to press appellant's grievance past the second stage hearing was arbitrary, discriminatory, or in bad faith. The burden of showing that there was no issue of fact concerning appellee union's conduct being arbitrary, discriminatory, or in bad faith as to appellant was on the appellees since they were the parties seeking summary judgment. *See Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Fitzke v. Shap-*

*pell,* 468 F.2d 1072, 1077 (6th Cir. 1972). Viewing the record in the light most favorable to appellant, *see Fitzke v. Shappell, supra,* 468 F.2d at 1077, there is no question but that appellees did not carry their burden and that there were genuine issues of fact as to whether appellee union's conduct was arbitrary, discriminatory, or in bad faith. At the very least, there was a disputed issue of fact concerning the circumstances of appellant's notification of the union's decision to drop appellant's grievance. If it were true, as appellant alleged and appellees denied, that the union did not for five months inform appellant of its decision not to press his grievance past the second stage hearing while appellant was calling to find out what was happening, then there would be evidence that would support a finding of union bad faith in failing to process appellant's claim. *See Dill v. Greyhound Corp.,* 435 F.2d 231 (6th Cir. 1970), *cert. denied,* 402 U.S. 952, 91 S.Ct. 1622, 29 L.Ed.2d 122 (1971).

■ The affidavits filed in this case conflicted on this point. Faced with this situation, the district court held an evidentiary hearing—to use the district court's words— "to establish the truth of the matter." The district court took testimony and afterwards issued its opinion in which the Court stated that it had credited and discredited testimony in finding that appellant had been promptly notified of the union's decision not to press his grievance and had not pursued his rights, a finding which would defeat appellant's assertion that appellee union's actions as to his grievance were arbitrary, discriminatory, or in bad faith. The district court's procedure in so finding, however, is not sanctioned by the summary judgment rule in the Federal Rules of Civil Procedure, Rule 56. "A court may not resolve disputed issues of fact in ruling on a summary judgment motion." *Felix v. Young,* 536 F.2d 1126, 1130 (6th Cir. 1976). *See United States v. Articles of Device, etc.,* 527 F.2d 1008, 1011 (6th Cir. 1976). "Where an issue as to material fact cannot be resolved without observation of the demeanor of witnesses in order to evaluate their credibility, summary judgment is not appropri-

ate." Notes of Advisory Committee on 1963 Amendment to Rule 56, Federal Rules of Civil Procedure. The district court could not therefore use the summary judgment procedure to pass on the question whether appellee union had wrongfully processed appellant's grievance and thereby unfairly represented appellant.

■ We do not agree with appellant, however, that the district court erred in granting summary judgment on the ground that appellant had not exhausted his intra-union remedies. The UAW Constitution has provided for internal appeals to local union membership meetings, to the International Executive Board, to the Constitutional Convention, and to the Public Review Board. Appellant has made no effort to utilize these internal appeal procedures, which he was required to do before being able to charge his local union with unfair representation, *see Ruzicka v. General Motors Corporation,* 523 F.2d 306 (6th Cir. 1975), *Dill v. Greyhound Corp., supra,* 435 F.2d 231, *Bsharah v. Eltra Corporation,* 394 F.2d 502 (6th Cir. 1968), *Imel v. Zohn Manufacturing Company,* 481 F.2d 181 (10th Cir. 1973), *cert. denied,* 415 U.S. 915, 94 S.Ct. 1411, 39 L.Ed.2d 469 (1974), *Harrington v. Chrysler Corporation,* 303 F.Supp. 495 (E.D. Mich.1969), unless resort to such procedures would be futile. *Glover v. St. Louis-San Francisco Railway Co.,* 393 U.S. 324, 89 S.Ct. 548, 21 L.Ed.2d 519 (1969). Exhaustion of intra-union remedies is an important prerequisite to allowing such employee suits as this one. This court in *Ruzicka v. General Motors Corporation, supra,* 523 F.2d at 311, expressed the policy behind this rule.

The reason for this requirement is that intra-Union remedies are part and parcel of the industrial in-house procedure for settling labor disputes. The primary benefit of requiring initial submission of employee complaints against a union that refuses to help process a grievance against a company is that internal machinery can settle difficulties short of court action. Thus, federal policy requires "staying the hand of 'judicial in-

terference with the internal affairs of a labor organization until it has had at least some opportunity to resolve disputes concerning its own internal affairs.'" *Imel v. Zohn Mfg. Co.*, 481 F.2d 181, 183 (10th Cir. 1973), *cert. denied*, 415 U.S. 915, 94 S.Ct. 1411, 39 L.Ed.2d 469 (1974), *quoting Brady v. Trans-World Airlines*, 401 F.2d 87, 104 (3rd Cir. 1968), *cert. denied*, 393 U.S. 1048, 89 S.Ct. 684, 21 L.Ed.2d 691 (1969).

■ Appellant's three arguments on this exhaustion issue are not persuasive. First, appellant contends that the filing of the grievance constitutes compliance with the requirement of exhausting internal union remedies. But that contention confuses the requirement of exhaustion of internal union remedies, *see e. g., Bsharah v. Eltra Corporation, supra*, 394 F.2d 502, with the requirement of resort to exclusive contractual remedies under the collective bargaining agreement. *See Republic Steel v. Maddox*, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965). Exhaustion of internal union remedies and resort to exclusive contractual remedies are separate prerequisites to an employee suit. Exhaustion of internal union remedies cannot be accomplished by merely filing a grievance. *Bsharah v. Eltra Corporation, supra*, 394 F.2d 502; *Harrington v. Chrysler Corporation, supra*, 303 F.Supp. 495.

Appellant points to this Court's holding in *Ruzicka v. General Motors Corporation, supra*, 523 F.2d 306, as precedent for his position, but that case supports the contrary result. In *Ruzicka*, the employee had for a period of 27 months sought intra-union relief against his local union, and this Court held that this was sufficient exhaustion of his intra-union remedies to permit the district court to hear the case. The Court contrasted the situation before it with that in *Bsharah v. Eltra Corporation, supra*, 394 F.2d 502. In that latter case, this Court

affirmed the grant of summary judgment against an employee who had failed to show any attempt to initiate intra-union remedies prescribed by the Constitution of the UAW. This case, of course, falls under the ruling in *Bsharah*. *See Harrington v. Chrysler Corporation, supra*, 303 F.Supp. 495.

■ Second, appellant contends that resort to intra-union remedies would be futile. Appellant, however, does not inform us why that is so. This is important because the present case is very unlike that in *Glover v. St. Louis-San Francisco Railway Co., supra*, 393 U.S. 324, 89 S.Ct. 548, 21 L.Ed.2d 519, where the suing employees, who were alleging racial discrimination by the employer and the union, were not barred from bringing suit since the union had been acting in concert with the employer to discriminate against the suing employees. In this case, we cannot even guess why appellant might not have a meaningful avenue of relief with intra-union remedies. Appellant presents no facts, only conclusory allegations, that he could not obtain relief by utilizing internal union appeal procedures. Such argument is insufficient to prevent the grant of summary judgment. Appellant had to come forward with specific facts showing that there was an issue concerning the futility of the intra-union remedies once appellees presented the necessary documentary evidence that an employee in appellant's position had intra-union remedies. *See* Rule 56(e), Federal Rules of Civil Procedure;[1] *Bsharah v. Eltra Corporation, supra*, 394 F.2d at 503.

■ Finally, appellant contends that he does not have to exhaust his internal union remedies because the union has stated that the appeals period is over. However, appellant has placed nothing in the record to indicate that appellee union has ever made such a statement. As with appellant's futility argument, appellant's conclusory alle-

---

1. Rule 56(e) of the Federal Rules of Civil Procedure provides in pertinent part:

    When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his

response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

gation on this issue is insufficient to prevent the grant of summary judgment.

The judgment of the district court dismissing appellant's complaint is affirmed.