644 F.2d 886
 109 L.R.R.M. (BNA) 2081, 93 Lab.Cas. P 13,207
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Keith Pindell et al., Plaintiffs-Appellants
v.
Brewery and Soft Drink Workers Local Union No. 1196 et al.,
Defendants-Appellees.
 
 No. 79-1268.
 United States Court of Appeals, Sixth Circuit.
 January 6, 1981.
 Before LIVELY, KENNEDY, and JONES, Circuit Judges.
 
 PER CURIAM
 Order
 
 1
 Keith Pindell and the Schlitz Employees Association of Memphis appeal from the district court's dismissal of their action for breach of the duty of fair representation and breach of the collective bargaining agreement. The district court held that Pindell failed to state a claim on which relief can be granted. Rule 12(b)(6), Fed.R.Civil P.
 
 
 2
 Schlitz operates a brewery in Memphis, Tennessee. Pindell and the other plaintiffs in this action are production and maintenance employees at the brewery and were represented by the Brewery and Soft Drink Workers Local 1196 (Local 1196), an affiliate of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America. At all relevant times the employees were part of the bargaining unit covered by a collective bargaining agreement between Schlitz and Local 1196.
 
 
 3
 On August 10, 1977, Pindell filed his action for breach of the duty of fair representation and breach of the collective bargaining agreement. 29 U.S.C. Sec. 185(a). The complaint alleged that Schlitz and Local 1196 did not follow the proper procedure in granting "super seniority" to Local 1196's chief steward because the membership did not ratify this agreement and that one of the plaintiffs was laid off because of the grant of "super seniority."
 
 
 4
 The complaint also alleged that "floating holidays and additional holidays [were imposed] on members of the bargaining unit without submitting the proposed holidays to the membership for a vote." Pindell asserts that the dates of the holidays were to be chosen locally.
 
 
 5
 Finally, the complaint alleged that the union failed to properly process the grievances of the membership and that Schlitz conspired with Local 1196 "to take advantage of the Union's failure to fairly represent its members." It then recited a number of specific grievances filed by employees which were not properly processed.
 
 
 6
 On September 26, 1977, Pindell filed an amendment to the complaint. It added parties and listed other specific grievances which it alleged were not properly processed. These were: (1) work which was supposed to be done by maintenance construction mechanics was improperly assigned to packaging mechanics; (2) a less senior man was given the opportunity to work overtime; (3) work supposed to be done by the electrical construction crew was assigned to the packaging electricians; and (4) work supposed to be done by an employee was done by a supervisor.
 
 
 7
 On October 25, 1977, Schlitz filed a motion to dismiss. It stated that Pindell failed to plead or allege any attempt to initiate or exhaust intra-union remedies; that Pindell failed to state a claim for unfair representation; and that Pindell's allegations did not amount to a breach of the collective bargaining agreement.
 
 
 8
 Pindell's response to the motion to dismiss asserted: (1) that there was no legal requirement of exhaustion of intra-union remedies and that it was futile to try to pursue union remedies; (2) that the collective bargaining agreement was breached; and (3) that the union did not fairly represent the employees because it denied employees their seniority rights and deprived employees of some holidays and imposed others in there place.
 
 
 9
 The district court granted Schlitz's motion to dismiss. It held that Pindell failed to allege that he exhausted intra-union remedies or "advance any sufficient reason for plaintiffs' failure to do so." Although this in itself was sufficient basis for the dismissal, the court also considered the merits of the unfair representation claim. It held that Pindell failed to allege that the union acted arbitrarily, discriminatorily or in bad faith and that none of the supporting facts alleged in the complaint were outside the "wide range of reasonableness" which is permitted unions.
 
 
 10
 On March 12, 1979, the court dismissed Pindell's claims against the union for the reasons stated in its earlier opinion.
 
 
 11
 Pindell asserts that there is no legal requirement to exhaust intra-union remedies before filing an action for breach of the duty of fair representation, and, in any event, exhaustion was futile. We disagree.
 
 
 12
 Exhaustion of intra-union remedies is a prerequisite to maintaining an action for breach of the duty of fair representation. Bsharah v. Eltra Corp., 394 F.2d 502 (6th Cir.1968). Exhaustion of intra-union remedies is excused only if exhaustion would be futile. Ruzicka v. General Motors Corp., 523 F.2d 306 (6th Cir.1975). Pindell failed to allege any facts which suggest that exhaustion was futile.
 
 
 13
 "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Although we are reluctant to approve the dismissal of the employees' action for failure to state a claim, in the case dismissal for failure to exhaust intra-union remedies was appropriate.
 
 
 14
 In view of our resolution of this issue, it is unnecessary to consider Pindell's other assertions.
 
 
 15
 Affirmed.