767 F.2d 920
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 BENNO A. KREY, PLAINTIFF-APPELLANT,
v.
FORD MOTOR COMPANY, LOCAL 1250-INTERNATIONAL UNION,
AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, UAW,
DEFENDANTS-APPELLEES.
 
 NO. 83-3528
 United States Court of Appeals, Sixth Circuit.
 6/7/85
 N.D.Ohio
 AFFIRMED
 ORDER
 BEFORE: CONTIE, Circuit Judge; and PHILLIPS and CELEBREZZE, Senior Circuit Judges.
 
 
 1
 This Ohio plaintiff appeals from a district court judgment granting the defendants summary judgment in the plaintiff's suit filed under Sec. 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185. Plaintiff alleged in his suit filed on March 9, 1982, that his former employer illegally discharged him on August 28, 1981 in violation of the collective bargaining agreement and that his union violated its duty of fair representation. Ultimately, the district court granted the defendants summary judgment upon concluding that the plaintiff had inexcusably failed to exhaust his union remedies and that his suit was barred by Ohio's three month statute of limitations.
 
 
 2
 In his response to the company's motion for summary judgment, the plaintiff stated that he gave his union 'carte blanche' authority to file and pursue a grievance in his behalf and that his union did pursue his grievance through the second stage of the grievance process. Although his termination was upheld at the second stage of review on September 30, 1981, plaintiff stated that he did not receive formal notice of the disposition until late November of 1981. At that time, the plaintiff told the union to pursue his grievance to the next stage and to take whatever steps were necessary to effectuate it. In his affidavit attached to his response, plaintiff stated that he was given continuous assurances over the next several months from several local union officials that the union was taking all steps necessary to process his grievance to the next stage. Despite his good faith belief that the union officials were telling him the truth, the plaintiff became convinced by mid-February of 1982 that the union was, in fact, not processing his grievance to the next stage. Stating in his response to the motion for summary judgment that it would have been a 'futile and vain act' to try to exhaust his union remedies, plaintiff stated that he, accordingly, filed his hybrid Sec. 301 suit the following month on March 9, 1982.
 
 
 3
 On appeal, the plaintiff states that he did satisfactorily raise a genuine issue of whether he should be excused from having not fully exhausted his union remedies. Despite his failure to include in his affidavit any times or dates when he was told by the local union officials that his grievance was being pursued beyond the stage two appeal, plaintiff argues that he was, in fact, assured that his grievance was still being pursued and that he had no reason to doubt that his grievance was still being processed. Plaintiff also argues that he could not have pursued a timely stage three appeal when he finally realized that his grievance was closed, and that his failure to be notified of the stage two denial foreclosed any opportunity for him to reinstitute the appellate union remedies and reactivate his grievance. Plaintiff also asserts that his suit was timely under a retroactive application of DelCostello v. Teamsters, 462 U.S. 151 (1983).
 
 
 4
 Upon consideration of the cause, this Court concludes that while the plaintiff's hybrid Sec. 301 suit was filed in a timely manner within the six month time period applicable to determine the timeliness of Sec. 301 suits, DelCostello v. Teamsters, supra; Smith v. General Motors Corp., 747 F.2d 372 (6th Cir. 1984) (en banc), the district court's judgment of dismissal was still proper because the plaintiff inexcusably failed to exhaust his mandatory and exclusive union remedies.
 
 
 5
 This case is practically indistinguishable from this Court's decision rendered in Monroe v. International Union, UAW, 723 F.2d 22 (6th Cir. 1983) (per curiam). In Monroe, this Court affirmed the district court's decision rejecting the plaintiff's claim of futility of exhaustion despite plaintiff's claim of bad faith and collusion because the plaintiff had not alleged any hostility on the part of the International UAW and because the plaintiff's grievance could, indeed, have been reactivated pursuant to a letter of agreement reached between the UAW and the automobile company (GMC). Like the plaintiff Monroe, the plaintiff in this case has only alleged hostility on the part of the local union officials and none on the part of the International UAW; and, although the hostility that is alleged is stated as personally perceived by the plaintiff, it is without the factual specificity necessary to show the demonstrable futility to excuse exhaustion. See Willetts v. Ford Motor Co., 583 F.2d 852, 856 (6th Cir. 1978). In the instant case, as well, this plaintiff is obligated under the UAW Constitution, Art. 33, Sec. 5, to exhaust his internal union remedies. Also, in a letter of agreement reached between UAW and plaintiff's previous employer, Ford Motor Co., and contrary to the plaintiff's assertion, it is provided in the letter of agreement that a grievance may be reactivated at the same level at which it was originally settled. The time limit within which the plaintiff is required to pursue his appellate union remedies also does not start to run until the plaintiff 'first becomes aware, or reasonably should have become aware, of the alleged action or decision appealed.' UAW Constitution, Art. 33, Sec. 4(b). If the plaintiff did first become aware in February of 1982 that his grievance was not being pursued beyond the second appellate stage, he could have reinstituted the appellate process under the aforementioned provisions and pursued his grievance to the International Executive Board of the UAW, and to the Convention Appeals Committee or to the Public Review Board as provided under Article 33, Sec. 2(a) of the UAW Constitution.
 
 
 6
 For these reasons, this panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The district court's judgment is, accordingly, affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit, because the plaintiff's failure to fully exhaust his union remedies is simply not excused under the circumstances of this case.