John FRITZ, Plaintiff,

v.

PRODUCTION PLATED PLASTICS, INC., and International Union, United Automobile, Aerospace and Agriculture Implement Workers of America, Local 2043, Defendants.

No. K85–367CA4.

United States District Court,
W.D. Michigan, S.D.

June 24, 1987.

Gregory R. Bosma, Kalamazoo, Mich., for plaintiff.

Gary J. McInerney, Murphy, Burns & McInerney, Grand Rapids, Mich., Dykema, Gossett, Spencer, Goodnow & Trigg by John A. Entenman & Wm. B. Balke, Detroit, Mich., for defendant Production Plates Plastics.

Thomas D. Carey, Carey, Durham & Risdon, Kalamazoo, Mich., for defendant Local 2043.

OPINION

BENJAMIN F. GIBSON, District Judge.

Presently pending before the Court is defendant International Union, United Automobile, Aerospace and Agriculture Implement Workers of America, Local 2043's ("Union") motion for summary judgment. Plaintiff commenced this action against his employer, Production Plated Plastics, Inc., for breach of a collective bargaining agreement and against the Union for breach of the duty of fair representation. Plaintiff's employer was dismissed by Order of this Court on September 25, 1986. For reasons stated below, defendant's motion for summary judgment is granted and the lawsuit is dismissed.

■ Summary judgment is appropriate only where no genuine issue of material fact remains to be decided and the moving party is entitled to judgment as a matter of law. *Atlas Concrete Pipe, Inc. v. Roger J. Au & Son, Inc.*, 668 F.2d 905, 908 (6th Cir.1982); *see Willetts v. Ford Motor Co.*, 583 F.2d 852, 854 (6th Cir.1978); *Felix v. Young*, 536 F.2d 1126, 1130 (6th Cir.1976). The function of a motion for summary judgment is not to allow the court to decide issues of fact but rather to determine whether there is an issue of fact to be tried. *United States v. Articles of Device, Etc.*, 527 F.2d 1008, 1011 (6th Cir.1976); *Aetna Ins. Co. v. Cooper Wells & Co.*, 234 F.2d 342, 345 (6th Cir.1956).

■ To warrant the grant of summary judgment, the moving party bears the burden of establishing the non-existence of any genuine issue of fact that is material to a judgment in his favor. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 147, 90 S.Ct. 1598, 1602–03, 26 L.Ed.2d 142 (1970); *United States v. Articles of Device ... Diapulse*, 527 F.2d 1008, 1011 (6th Cir.1976). In determining whether or not there are issues of fact requiring a trial, "the inferences to be drawn from the underlying facts contained in the affidavits, attached exhibits, and depositions must be viewed in the light most favorable to the party oppos-

ing the motion." *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *Bohn Aluminum & Brass Corp. v. Storm King Corp.,* 303 F.2d 425 (6th Cir.1962). Even if the basic facts are not disputed summary judgment may be inappropriate when contradictory inferences may be drawn from them. *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *E.E.O.C. v. United Association of Journeymen & Apprentices of the Plumbing & Pipefitting Industry, Local 189,* 427 F.2d 1091, 1093 (6th Cir.1970).

Plaintiff, a member of defendant Union, was employed by Production Plated Plastics from September of 1982 through March 25, 1985 in various capacities. Plaintiff's work record at the company was less than exemplary; he had been subject to numerous disciplinary actions prior to final discharge, including a previous termination and reinstatement with probation. On March 25, 1985, plaintiff was discharged for the second and final time. The reasons given for termination included misuse, abuse or unauthorized use of company equipment. The discharge arose out of plaintiff's alleged contamination of scrap plastic and destruction of company buckets. Although plaintiff denies responsibility for the contamination, it is undisputed that contaminated materials were found in containers of reground plastic bearing plaintiff's initials.

The following undisputed facts are relevant to defendant's motion. Prior to the Union taking action, certain members of the Union went through plaintiff's scrap container and found contaminated materials. The Union president met with plaintiff and reviewed plaintiff's side of the story. A grievance was filed on plaintiff's behalf and processed up to but not through arbitration. The decision not to arbitrate was made by a vote of Union members at a regularly scheduled meeting. The facts of the case and plaintiff's work record were presented to Union members by the Union president, Marcia Everett, who made no comment one way or the other on whether the case should be arbitrated. Plaintiff was given notice of the meeting, attended the meeting, and was allowed to address the members with regard to his grievance and the requested arbitration of his discharge. A vote was taken on the question of arbitration and the vote was unanimous not to do so. After the decision not to arbitrate had been made, the Union president discussed the grievance and the vote on arbitration with plaintiff, speaking to him for approximately one hour on the subject.

■ A breach of the duty of fair representation occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith. *Vaca v. Sipes,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). The duty of fair representation does not require a union to exhaust every theoretically available procedure simply on a demand of a union member. However, the ignoring or the perfunctory processing of a grievance may violate the duty of fair representation. *Id.* The Sixth Circuit Court of Appeals has enunciated a three-part test to be applied in determining whether a union has met its duty of representation. *Griffin v. International Union,* 469 F.2d 181 (6th Cir.1974). First, the union must treat all factions and segments of its membership without hostility or discrimination. 469 F.2d at 183. Second, the broad discretion of the union in asserting the rights of its individual members must be exercised in complete good faith and honesty. *Id.* Finally, the union must avoid arbitrary conduct. *Id.* Each of these requirements represents a distinct and separate obligation, the breach of which may constitute the basis for relief. *Id.*

■ In the instant case, the Court finds that the Union's duty for fair representation has not been breached. There is no evidence presented that the Union treated plaintiff with hostility or discriminated against him. In fact, the evidence before the Court is that the Union took extra pains to treat plaintiff in a manner which was more than fair. Likewise, there is no evidence presented that the actions of the Union in handling plaintiff's grievance were taken in bad faith or in a dishonest manner. The only testimony presented

with any sort of negative tone is the fact that the Union took into consideration the costs of arbitration in deciding the extent to which it would pursue plaintiff's grievance. That factor alone is insufficient to establish lack of good faith or lack of honesty. In fact, the Union discussed with plaintiff its concern regarding costs before any actions were taken. The Court cannot say that consideration of costs is an improper factor for use in determining whether to pursue arbitration. The arbitration process is an expensive one. The Union cannot be held liable for unfair representation simply because it decided the grievance is not sufficiently meritorious to arbitrate in light of the associated expense. This Court will not interfere with a legitimate internal union decision which fairly evaluated whether a claim warrants resort to the arbitration process. *See Poole v. Budd Co.*, 706 F.2d 181, 184 (6th Cir.1983).

Finally, there is no evidence presented which supports plaintiff's claim that the Union acted in an arbitrary or perfunctory manner. The Union searched for evidence to support or refute the allegations made by the company against plaintiff. It found contaminated scrap in containers bearing plaintiff's initials. The Union processed the grievance fully through all steps short of arbitration, and gave plaintiff the opportunity to address union members and present the merits of his case prior to the vote on whether to arbitrate. The Court finds as a matter of law that the Union's decision had a rational basis; failure to arbitrate does not amount to unfair representation even if the decision is a poor one or the investigation is undertaken in a negligent manner. *Poole v. Budd Co.*, 706 F.2d 181. Plaintiff has produced no evidence other than conclusory allegations to controvert the appropriateness of the Union's actions or to suggest improper motive or arbitrary conduct. Consequently, the defendant Union is entitled to summary judgment and plaintiff's lawsuit must be dismissed.