**R.E. CHAPA, Plaintiff-Appellee,**

v.

**LOCAL 18, ETC., et al.,
Defendants-Appellants.**

Nos. 81–7856, 83–7093.

United States Court of Appeals,
Eleventh Circuit.

July 26, 1984.

Lawrence J. Hallett, Jr., Mobile, Ala., Michael Brodie, Freedman & Lorry, Philadelphia, Pa., for defendants-appellants.

Turner, Onderdonk, Bradley & Kimbrough, W.A. Kimbrough, Jr., Mobile, Ala., for plaintiff-appellee.

Before RONEY and JOHNSON, Circuit Judges, and MORGAN, Senior Circuit Judge.

LEWIS R. MORGAN, Senior Circuit Judge:

Ronald E. Chapa filed this action in 1981 in the United States District Court for the Southern District of Alabama against Local 18 of the Industrial Union of Marine & Shipbuilding Workers of America, AFL-CIO, the national union, and several officials of both organizations. The complaint charged the defendants with violations of Sections 101(a)(2) and (5) of the Labor-Management Reporting and Disclosure Act of 1959 (LMRDA), 29 U.S.C. §§ 411(a)(2) and (5), following Chapa's five-year suspension from membership in the local union. Chapa sought and received permanent injunctive relief reinstating his membership, and a jury awarded him $114,000 in damages on both statutory claims.

The events precipitating this suit began in 1980 when Paul Chapa, brother of the plaintiff, was discharged from employment with Alabama Dry Dock & Shipbuilding Company (ADDSCO). Local 18 filed a grievance on Paul's behalf and the case went to arbitration pursuant to a provision of the collective bargaining agreement. The decision of the arbitrator reinstated Paul without back pay. Ronald Chapa, as chief shop steward at ADDSCO, filed an appeal from the arbitrator's award with the

NLRB in the name of the local union but without authorization from Local 18's official board.

In April of 1981, the official board charged Ronald Chapa with jeopardizing the "best interests" of the union. The collective bargaining agreement between ADDSCO and the union provided that an arbitrator's award would be final and binding, and apparently the NLRB appeal initiated by Ronald violated this provision. On May 22, Chapa was tried by a trial board of Local 18 and found guilty. The trial board recommended to the executive committee of the local union a punishment of 12 months probation and a $100 fine. The executive committee met in closed session the next morning at 8:00 o'clock, disregarded the trial board's recommendation, and expelled Chapa from membership for five years. This decision was ratified at a meeting of the general membership at 9:00 o'clock the same morning. Chapa then retained a private attorney and the present litigation began.

The district court granted Chapa's request for a temporary restraining order in August of 1981 and entered a preliminary injunction the following month. The appeal from that order is docketed as No. 81–7856. Upon receiving the temporary restraining order Chapa attempted to reclaim his position as chief shop steward, however ADDSCO was unaware of the district court's order and refused the request. He was dismissed from employment after a slight altercation over the issue. Local 18 filed a grievance on behalf of Ronald Chapa over this incident, and an arbitrator reinstated him without back pay.

In January of 1983, trial began on Chapa's claims for permanent injunctive relief and compensatory and punitive damages. The gravamen of his case was that Odell Hose, the executive secretary of Local 18 and a political opponent of the Chapa brothers within the union, conspired and acted against Ronald Chapa in violation of federal labor law. More specifically, he claimed that the intra-union disciplinary proceedings against him were retaliation for his announced intention to run for executive secretary against Hose in the next election. This claim was the basis of the alleged Section 101(a)(2) violation. Chapa also contended that the disciplinary proceedings were unfairly conducted in violation of Section 101(a)(5). At the close of the defense case, the district court invited motions for directed verdict from each side. Although Chapa's counsel declined to make such a motion, the district court sua sponte directed the verdict in favor of Chapa on the Section 101(a)(5) claim. Defense motions for directed verdict were denied. The jury found in favor of Chapa on the Section 101(a)(2) claim, after which the defense moved for JNOV. The district court denied all of the defense post-trial motions and permanently enjoined the local union from enforcing the discipline against Chapa. The appeal in No. 83–7093 followed. After a careful review of the record and the various issues raised by the defendants, we reverse in part and vacate and remand in part.

As a preliminary matter, we must address the defendants' claim that the trial court erred in refusing to dismiss Chapa's complaint for failure to exhaust intra-union remedies. Section 101(a)(4) of the LMRDA, 29 U.S.C. § 411(a)(4), provides that a union "may" require its members to exhaust reasonable internal hearing procedures before seeking court intervention, however the decision to enforce such a requirement in a particular case is within the sound discretion of the district court. See N.L.R.B. v. Shipbuilding Local 22, 391 U.S. 418, 88 S.Ct. 1717, 20 L.Ed.2d 706 (1968); Keene v. International Union of Operating Engineers, 569 F.2d 1375 (5th Cir.1978); Fulton Lodge No. 2 v. Nix, 415 F.2d 212 (5th Cir.1969), cert. denied, 406 U.S. 946, 92 S.Ct. 2044, 32 L.Ed.2d 332 (1972). In the present case, the defendants argue that Chapa did not appeal the disciplinary action imposed by Local 18 to the national union even though a procedure was available. Chapa responds that he sought an appeal, although he concedes it was inartfully drafted, and further claims any appeal

would have been futile since Odell Hose held a position within the national organization in addition to serving as executive secretary to Local 18. The district court concluded that an appeal by Chapa to the national union would have been futile for a variety of reasons, and the record does not compel us to reverse that decision as an abuse of discretion.

■■■ Section 101(a)(2) of the LMRDA, 29 U.S.C. § 411(a)(2), guarantees to union members the right to associate and express their "views, arguments, or opinions."[1] Chapa argued below that the union disciplinary action against him was political retaliation in violation of this guarantee. He theorized that the discipline was in response to his announced intention to oppose Odell Hose in the next election and his criticism of Local 18's management, and the jury returned a verdict in his favor on the claim. Chapa's argument certainly was a viable theory of relief under Section 101(a)(2), *see, e.g., Kuebler v. Cleveland Lithographers and Photoengravers Union Local 24-P*, 473 F.2d 359 (6th Cir.1973), however we find the claim in this case was wholly unsupported by evidence and improperly submitted to the jury for consideration. There is no evidence in the record establishing retaliatory discipline other than Chapa's bald assertion from the witness stand. On appeal he argues that the unusual use of hired deputy sheriffs at the executive board and general membership meetings which expelled him from membership is proof of intimidation and retaliation. We disagree. That evidence relates to the circumstances and conduct of the disciplinary proceedings, it is not proof that the executive board intended the disciplinary proceedings as retaliation for Chapa's earlier exercise of Section 101(a)(2) rights. We

can only assume that the jury's verdict in favor of Chapa on this claim was improperly prejudiced by the evidence concerning the fairness of the disciplinary proceedings, an issue taken away from the jury by the district court's directed verdict. Accordingly, the district court erred in denying the defendants' motions for directed verdict and JNOV on this issue. *See Boeing Co. v. Shipman*, 411 F.2d 365 (5th Cir. 1969) (en banc).

■ We also reverse the district court's denial of a directed verdict in favor of the national union on all claims. Chapa named the national as a defendant arguing that its agents, Arthur Simonson and Odell Hose, were present at all key meetings of the local which involved Chapa and failed to use their authority to prevent the alleged unlawful acts. The district judge concluded and instructed the jury that mere constructive knowledge of possible illegal activity on the local level is sufficient to impose a legal duty to intervene on the national union. Supplemental Record on Appeal at 347, 680–81. We disagree. In *Shimman v. Frank*, 625 F.2d 80, 99 (6th Cir.1980), the court considered this issue and concluded that "an international union which does not authorize, encourage or ratify § 101 violations should not be held liable for them." *See also Carbon Fuel Co. v. United Mine Workers*, 444 U.S. 212, 100 S.Ct. 410, 62 L.Ed.2d 394 (1979). We find the reasoning and result of *Shimman* very persuasive and applicable to the present case. Chapa introduced no evidence proving that Arthur Simonson took any part in the action against him at the local level. Simonson was a spectator, not a participant, at the local meetings. Odell Hose, while clearly a participant in the proceed-

---

1. 29 U.S.C. § 411(a)(2) states:

   Every member of any labor organization shall have the right to meet and assemble freely with other members; and to express any views, arguments, or opinions; and to express at meetings of the labor organization his views, upon candidates in an election of the labor organization upon any business properly before the meeting, subject to the organization's established and reasonable rules pertaining to the conduct of meetings: *Provided*, That nothing herein shall be construed to impair the right of a labor organization to adopt and enforce reasonable rules as to the responsibility of every member toward the organization as an institution and to his refraining from conduct that would interfere with its performance of its legal or contractual obligations.

ings against Chapa, was never shown to have acted in his capacity as an agent of the national union. His alleged unlawful acts were committed in his capacity as executive secretary of the local union. *See Shimman*, 625 F.2d at 98. Therefore, we reverse the district court's decision denying the national union's motion for a directed verdict.

■ Finally, the defendants argue that the trial court erred in granting an unsolicited directed verdict in favor of Chapa on his Section 101(a)(5) claim. This portion of the LMRDA provides that a union can discipline one of its members only if the member is given written notice of specific charges, a reasonable opportunity to prepare his defense, and a full and fair hearing.[2] Chapa argued below that he was not charged with sufficient specificity to allow an adequately prepared defense and that the charges were totally unfounded. He also objected to the fairness of the disciplinary hearings. In reviewing the record we find there is ample evidence to support these charges. *See generally International Brotherhood v. Hardeman*, 401 U.S. 233, 91 S.Ct. 609, 28 L.Ed.2d 609 (1971). In fact, if all of the testimony on Chapa's behalf were deemed credible, his disciplinary hearing was little more than a makeshift kangaroo court. However, this evidence was not uncontroverted. For instance, Tonny Algood, Chapa's counsel at the trial board proceedings, testified that Chapa never complained to him about a lack of specificity in the written charges. The actual written charges were also placed in evidence and we are unwilling to find them insufficient as a matter of law. *See International Brotherhood v. Hardeman*, 401 U.S. at 246, 91 S.Ct. at 617. Chapa's complaints concerning the fairness

of the disciplinary procedures mainly involved the exclusion of his wife and a friend from the trial and the presence of deputy sheriffs at the executive board meeting the next day. These incidents might infer an unreasonably intimidating atmosphere, but they do not eliminate the possibility of a fair hearing within the meaning of the LMRDA. *See Rosario v. Amalgamated Ladies' Garment Cutters' Union, Local 10, I.L.G.W.U.*, 605 F.2d 1228 (2nd Cir.1979), *cert. denied*, 446 U.S. 919, 100 S.Ct. 1853, 64 L.Ed.2d 273 (1980). We also are not convinced that the discipline charges brought against Chapa by the local union were totally unfounded. The defendants offered testimony establishing that the NLRB appeal filed by Chapa on behalf of his brother was a potential violation of the collective bargaining agreement and a concern to ADDSCO. In directing the verdict, perhaps the district judge found all of the defendants' testimony totally incredible, but the credibility choice was not his to make. We believe that reasonable jurors could have arrived at a contrary verdict. *See Johnson v. Bryant*, 671 F.2d 1276 (11th Cir.1982). For these reasons, the order of the district court directing a verdict in favor of Chapa on the Section 101(a)(5) claim is vacated, and we remand the case for a new trial on the issue.[3]

In summary, we find that the district court erred in refusing to grant the defendants' motions for a directed verdict and JNOV on Chapa's Section 101(a)(2) claim. The record is void of any evidence supporting his retaliatory discipline theory. The district court also erred in refusing to enter judgment in favor of the national union on all issues. The national union and its agents did not affirmatively participate in the alleged unlawful acts. As for Chapa's remaining claim of a Section 101(a)(5) viola-

**2.** 29 U.S.C. § 411(a)(5) states:

No member of any labor organization may be fined, suspended, expelled, or otherwise disciplined except for nonpayment of dues by such organization or by any officer thereof unless such member has been (A) served with written specific charges; (B) given a reasonable time to prepare his defense; (C) afforded a full and fair hearing.

**3.** The defendants also appealed the question of whether the district court improperly allowed Chapa to recover lost wages from the union for the incident involving the local's failure to inform ADDSCO of the court order entitling Chapa to resume his chief steward position. It is unnecessary for us to address this issue given our disposition of the case.

tion, the defendants were entitled to a jury verdict on the issue. The district judge improperly entered judgment for Chapa.

REVERSED in part, and VACATED and REMANDED in part.